**Mary Jo TIMMONS et al., Appellants,**

v.

**Charlotte ALLEN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 7, 1969.

Rehearing Denied Feb. 6, 1970.

W. H. Dysard, Ashland, for appellants.

C. B. Creech, Creech & Hogg, Ashland, for appellees.

MILLIKEN, Judge.

The appellants filed their designation of the complete record on appeal on September 30, 1969, after having filed their notice of appeal on September 18, 1969, and as a result the appellees moved that their appeal be dismissed for failure to comply with the time and filing requirement of CR 75.01. CR 75.01 was amended by order of this court on January 14, 1969, the amendment to become effective on July 1, 1969. Prior to the amendment the rule had simply required that the designation be filed "promptly after an appeal to the Court of Appeals is taken * * *", but now it declares in pertinent part that,

> "Within 10 days after filing the notice of appeal, the appellant shall serve upon the appellee and *file* with the Circuit Court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal * * *".

It is thus obvious that the designation of the record on appeal was not actually *filed* in the circuit court clerk's office within ten days of the filing of the notice of appeal. Nevertheless, the appellants contend that CR 75.01 should be construed in connection with other provisions of the Civil Rules such as CR 5.05, Subsection (1) which provides that, "All papers after the complaint required to be served upon a party shall be *filed* with the court before service or within a reasonable time thereafter." They point out that they mailed their designation to opposing counsel and to the circuit court clerk on September 29, 1969, the day before it was received and recorded by the clerk, and that CR 5.02 says, "* * * Service by mail is complete upon mailing." The appellants conclude, therefore, that since the designation was deemed served on opposing counsel on the day it was mailed and was received and recorded by

the clerk on the following day, it consequently was filed with the clerk "within a reasonable time thereafter" in compliance with CR 5.05. In summary, it is the appellants' contention that the meaning of CR 75.01 is that the designation is to be served "within 10 days" of the filing of the notice of appeal and filed with the clerk "before service or within a reasonable time thereafter". In addition, the appellants invoke the language of CR 73.02 governing the filing of an appeal, to the effect that "Failure of the appellant to take any of the further steps * * * does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the Court of Appeals deems appropriate, which may include dismissal of the appeal." In any event, so the appellants claim, where the designation is served on opposing counsel in time as it was here, but is not recorded in the clerk's office until the next day, the appellees have been subjected to no prejudice and the appeal should not be dismissed. The appellants say that, unlike the filing of the notice of appeal, the filing of the designation is not jurisdictional in nature.

 We agree with the appellants that the designation of the record on appeal is not a jurisdictional matter, but that does not ipso facto answer the problem presented here. CR 75.01 now is specific in its requirements; it requires that the designation be both served and filed within ten days after filing the notice of appeal. Among the reasons advanced for making the rule specific was to afford circuit court clerks and court stenographers a better opportunity to schedule the preparation of transcripts of court records and testimony for purposes of appeal and, in addition, to relieve this court of constantly having to determine whether a designation had been filed "promptly after an appeal" to this court was taken. We think that the appellants made a good faith effort to comply with the new rule in the case at bar, but failed to do so satisfactorily. This is not the first time this court has been confronted with the failure of the bar to comply effectively with a change in the rules of procedure for, after the effective date of the present Civil Rules on July 1, 1953, we were most liberal for a while in order to afford the bar full opportunity to accommodate to them. White v. Hardin County Board of Education, Ky., 307 N.W.2d 754 (1957); Hawks v. Wilbert, et al., Ky., 355 S.W.2d 655 (1962).

 However, it is the view of the majority of the court that the liberal policy pursued for a while after the adoption of the Civil Rules should not now be extended to specific amendments of which the bar has had adequate notice, as in the case of this amendment. Particularly is this so where an amendment has been designed to avoid the very type of situation that is presented here. The amendment replaces the variable "promptly" with "within 10 days" and requires *filing* with the circuit court within that ten days, so if the designation is not actually *filed* with the clerk within that time, then the appeal may be dismissed.

The appellees' motion to dismiss the appeal is sustained, and the appeal is dismissed.

All concur except NEIKIRK, J.