**MOTORISTS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**David MERCER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 27, 1970.

———◆———

George M. McClure, Sheehan & McClure, Danville, John E. Smith, Lancaster, for appellant.

James F. Clay, Jr., Clay & Clay, Danville, Charles Coy, Coy & Coy, Richmond, for appellees.

VANCE, Commissioner.

The issue to be determined herein is the motion of the appellees to dismiss this appeal for the reason that the appellant failed to designate the record on appeal within ten days after filing the notice of appeal.

A notice of appeal from the final judgment of the Garrard Circuit Court in this action was filed by the appellant on October 6, 1970. The designation of the record on appeal was filed in the office of the circuit court clerk and served upon opposing counsel on October 19, 1970.

Appellees have filed a motion to dismiss the appeal for failure of appellant to comply with CR 75.01 which provides:

> "Within 10 days after filing the notice of appeal, the appellant shall serve upon the appellee and file with the circuit court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the appellee has already served and filed a designation. * * *."

The rule requires both the filing of the designation and service upon the appellee within the ten-day period, and our previous decisions indicate a strict enforcement of the rule. Timmons v. Allen, Ky., 449 S.W.2d 27 (1970).

The appellant's response to the motion to dismiss the appeal alleges in substance that the appellees' attorney had withdrawn the entire record from the circuit court clerk's office and the record was not available to counsel for appellant on October 6, 1970 when he filed the notice of appeal and that the record did not become available to him until October 9, 1970; that the record was voluminous and required extensive study in order to properly designate the record on appeal; that the designation was filed as quickly as possible after counsel for appellant had access to the record and that in any event there has been no prejudice resulting from the late filing.

Although the record in this action was not available to counsel immediately upon his filing of the notice of appeal, we note that it was available for his inspection for the last seven days of the time in which the designation could have been timely filed. Appellant does not make a convincing showing of the impossibility of compliance with the rule nor does he show that a timely effort was made to seek an enlargement of the time within which the designation could have been filed.

The time limitation of CR 75.01 is fixed and certain and the language of the rule is plain. If for some reason a designation of the record on appeal cannot be filed and served within the time provided, relief is available under CR 6.02 which provides for enlargement of the period of time for cause shown in proper situations. No such request for enlargement of time was made herein.

The response that the late filing was not prejudicial was considered in Timmons v. Allen, supra, and such response is not sufficient, especially when the rules have been amended specifically to avoid the very type of situation presented here.

The appellees' motion to dismiss the appeal is sustained and the appeal is dismissed.

All concur.