**Wallace A. MONTFORT et al., Appellants,**

v.

**Maurice W. ARCHER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Bill V. Seiller, Ewen, MacKenzie & Peden, Louisville, for appellants.

John G. Carroll, Frank E. Haddad, Jr., Ralph G. Stone, Mark Davis, Louisville, for appellees.

DAVIS, Commissioner.

The appellees made timely motion in this court to dismiss the appeal on the ground that the appellants had failed to file a designation of record in the circuit court within ten days after filing the notice of appeal, as required by CR 75.01. Appellees relied on Timmons v. Allen, Ky., 449 S.W.2d 27.

On June 24, 1970, the court ordered the appeal dismissed. Upon reconsideration, pursuant to seasonable motion by appellants, the order of June 24, 1970, dismissing the appeal is being withdrawn and this opinion written to clarify the situation.

The notice of appeal was filed in the circuit court on January 20, 1970. On February 26, 1970, the present appellants, plaintiffs in the circuit court, filed a motion pursuant to CR 6.02 and CR 75.01 for enlargement of time and leave to file a designation of record on appeal. On March 16, 1970, the circuit court, after a hearing, ordered that the time for filing the designation of record be enlarged and directed that the designation (of the entire record) should be filed. The designation was filed pursuant to that order on March 16, 1970.

On June 8, 1970, the appellees filed in this court a motion to dismiss the appeal because the designation was not filed within ten days from the filing of the notice

of appeal as required by CR 75.01, which motion was sustained on June 26, 1970, as heretofore noted.

 CR 6.02 relates to permissible enlargement of time for the performing of certain acts required or allowed to be done at or within a specified time. The rule prescribes procedures for obtaining such enlargements, whether sought before the expiration of the period originally prescribed or extended, or after the expiration of such period where the failure to act was the result of excusable neglect. Enlargement under the rule is to be granted by the circuit court for cause shown, in the exercise of a judicial discretion. CR 6.02 specifically provides that its provisions do not extend to certain enumerated rules. CR 75.01 is *not* among the rules excluded from the purview of CR 6.02. By amendment effective July 1, 1969, CR 75.01 recites in part:

"Within 10 days after filing the notice of appeal, the appellant *shall* serve upon the appellee and file with the circuit court a designation * * *." (Emphasis added.)

Prior to the amendment, CR 75.01 provided in pertinent part:

"Promptly after an appeal to the Court of Appeals is taken, the appellant *shall* serve * * * a designation * * *." (Emphasis added.)

The employment of the mandatory language by the use of the word "shall" in the rule 75.01 as it now exists did not remove the rule from the enlargement procedures prescribed in CR 6.02.

In light of the fact that appellants sought an order enlarging the time for filing their designation of record before any motion to dismiss their appeal had been filed, the circuit court had the prerogative of determining whether such enlargement should be granted. The court did grant the enlargement after a hearing, the substance of which does not appear in the record on appeal. Hence, this court is unable to adjudge that the trial court abused its discretion in granting the enlargement. It follows that it was erroneous to order the appeal dismissed in these circumstances. The order dismissing the appeal is to be withdrawn and held for naught, and the motion to dismiss the appeal is overruled.

Appellees' motion to dismiss the appeal is overruled.

All concur.