**Constance A. WEBB, Appellant,**

v.

**Jon E. WEBB, Appellee.**

**MODINE MANUFACTURING COMPANY et al., Appellants,**

v.

**Clint E. THWEATT et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 29, 1976.

Virginia Collins Burbank, Louisville, Herbert Schultzman, Schultzman, Hardy, Terrell & Boswell, Paducah, for appellants.

Jon L. Fleischaker, J. Baxter Schilling, Wyatt, Grafton & Sloss, Louisville, James W. Owens, Chartered, Paducah, Timothy O'Mara, Gemma M. Harding, Dept. of Labor, Louisville, William L. Huffman, Director, Workmen's Compensation Bd., Frankfort, for appellees.

Before MARTIN, C. J., and PARK and WILHOIT, JJ.

PARK, Judge:

These two appeals involve a construction of CR 75.01, as amended by the Supreme Court, effective July 1, 1976. In each case, a motion to dismiss the appeal has been filed on the ground that no timely designation of the record was made as required by CR 75.01.

In No. CA–324–1, *Modine Mfg. Co., et al. v. Clint E. Thweatt, et al.,* the McCracken Circuit Court entered judgment dismissing an appeal from an order of the Kentucky Workmen's Compensation Board. The appellants filed a notice of appeal on September 20, 1976, but the appellants have not filed any designation of the record.

In No. CA–308–1, *Constance A. Webb v. Jon E. Webb,* the Jefferson Circuit Court entered an order permanently enjoining Constance A. Webb from removing the minor children of the parties from the State of Kentucky. A notice of appeal was filed on September 2, 1976. The appellant filed a designation of the record on September 16, 1976, which specified that the transcript of the hearing held on July 19, 1976, should be included in the record on appeal.

Prior to its amendment July 1, 1976, CR 75.01 provided that the appellant must file with the Circuit Court a designation of "the portions of the record, proceedings, and evidence to be contained in the record on appeal," within ten days after the filing of the notice of appeal. As amended, CR 75.01 requires the appellant to file with the trial court a designation of "such portions of the evidence or proceedings stenographically reported as he wishes to be included in the record on appeal," within ten days after filing the notice of appeal.

One other change in the rule is pertinent to the disposition of the pending motions. Prior to the amendments of July 1, 1976, CR 75.07(1) required the clerk of the Circuit Court to "prepare and certify a true copy of the matter designated by the parties * * *." As amended, the clerk of the trial court must "prepare and certify the

entire original record * * *." CR 75.-07(1).

■ In the *Modine Manufacturing Company* appeal, there were no evidentiary hearings in the Circuit Court which would have been stenographically reported. There was nothing for the appellant to designate for inclusion in the record on appeal under CR 75.01, as amended. The case was decided by the McCracken Circuit Court on the basis of the record from the Workmen's Compensation Board. Under CR 75.07(1), as amended, the clerk will transmit the entire original record to this Court, including the record from the Workmen's Compensation Board. The appellant was not required to do a useless act by filing a designation of "the evidence or proceedings stenographically reported" when no evidence or proceedings were stenographically reported. The motion to dismiss in No. CA–324–1 should be denied.

■ In the *Webb* appeal, there was a hearing which was stenographically reported. Under CR 75.01, as amended, the appellant was required to file a designation of the portion of the evidence at that hearing to be included in the record on appeal. The appellant did not file a designation within ten days after the filing of the notice of appeal as required by CR 75.01. The appellant attempts to excuse the late filing of the designation on the grounds of excusable neglect. However, the appellant did not file with the trial court a motion for an enlargement of time within which to file the designation under CR 6.02. See,*Montfort v. Archer,* Ky., 477 S.W.2d 143 (1970). As the appellant did not make use of the relief available under CR 6.02, the appeal must be dismissed in No. CA–308–1 because of the appellant's failure to file a timely designation as required by CR 75.01. *Motorists Mutual Ins. Co. v. Mercer,* Ky., 462 S.W.2d 188 (1970).

The motion to dismiss the appeal in No. CA–308–1 is granted. The motion to dismiss the appeal in No. CA–324–1 is denied.