**Glenn Kenneth BEAVER, Appellant,**

v.

**Pearl F. BEAVER, Appellee.**

Court of Appeals of Kentucky.

May 6, 1977.

**24**

Byron L. Hobgood, Franklin, Gordon & Hobgood, Madisonville, for appellant.

William Donan, Mills, Mitchell, Turner & Donan, Madisonville, for appellee.

Before MARTIN, C. J., and WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

Glenn Kenneth Beaver appeals from a decree and judgment in a divorce proceeding, awarding costs and an attorney's fee to Pearl F. Beaver. The amount of the attorney's fee to be paid by Mr. Beaver was set at $1,696.70, and the trial court ordered that this amount be paid to William D. Donan, Mrs. Beaver's attorney.

▉ Mr. Beaver argues that both parties have adequate financial resources, therefore it is a clear abuse of discretion to award costs and a fee to his former wife's attorney against him. Before addressing the merits of the appeal, however, it is necessary to consider an issue raised by appellee, Mrs. Beaver, in her brief, namely, whether appellant has failed to perfect his appeal because of untimely designation of the record. Mr. Beaver filed timely his notice of appeal on August 20, 1976. On October 7, 1976, Mrs. Beaver filed in the trial court a motion to dismiss the notice of appeal and appeal on the ground that he had failed to designate the record within the prescribed time, pursuant to CR 75.01. On the same day, October 7, 1976, Mr. Beaver filed his designation of the record on appeal. On October 19, 1976, the trial court entered an order denying the motion to dismiss the notice of appeal on the ground that there had been "substantial compli-

ance" with CR 75.01. Mrs. Beaver now argues in her brief that the appeal should fail for noncompliance with CR 75.01.

Kentucky Rule of Civil Procedure 75.01 provides:

> Within 10 days after filing the notice of appeal the appellant must serve upon the appellee and file with the trial court a designation of such portions of the evidence or proceedings stenographically reported as he wishes to be included in the record on appeal, unless the appellee has already served and filed a designation.

It has been held that strict compliance with CR 75.01 is required, *Timmons v. Allen,* Ky., 449 S.W.2d 27 (1969); *Commonwealth v. Black,* Ky., 329 S.W.2d 192, 193 (1959). Clearly, failing to file a designation of the record until some 48 days after filing the notice of appeal constitutes noncompliance with CR 75.01. Our rules provide that:

> . . . the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. CR 6.02

This enlargement provision applies to CR 75.01. *Montfort v. Archer,* Ky., 477 S.W.2d 143 (1970); *Motorists Mutual Insurance Co. v. Mercer,* Ky., 462 S.W.2d 188 (1970). Appellant did not, however, move for an enlargement during the 10-day period nor allege any grounds for a finding of excusable neglect; the trial court did not on its own motion enlarge the time during the 10-day period.

▉ Despite the obvious noncompliance in appellant's designation of the record this issue is not properly before this Court. There has been no motion to dismiss made in the Court of Appeals nor any appeal from the order of the trial court which denied the motion to dismiss made in that court. The unsuccessful attack in the trial

court not having been appealed and no motion to dismiss having been filed in this Court, it is impermissible for Mrs. Beaver to argue in her brief that the appeal should not be considered. *Pipelines, Inc. v. Muhlenberg County Water District,* Ky., 465 S.W.2d 927 (1971). Any objection Mrs. Beaver had to Mr. Beaver's failure to designate timely the record has been waived. *See Elam v. Acme Well Drilling Co.,* Ky., 411 S.W.2d 468 (1967), *Bardill v. Bird Well Surveys, Inc.,* Ky., 310 S.W.2d 265 (1958).

 The matter of costs and attorney's fees is governed by KRS 403.220, which provides:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

With respect to the fee awarded to Mrs. Beaver's attorney, the appeal must fail because the appellant did not name his former wife's attorney a party to the appeal. It has been held that the attorney must be made a party to the appeal whether the fee is adjudged to be paid directly to him or is allowed to one of the parties to the divorce and ordered to be included as a court-cost item. *Tyler v. Bryant,* Ky., 394 S.W.2d 454, 455 (1965). This rule has been specifically held to apply in marriage-dissolution cases under KRS 403.220. *Wilhelm v. Wilhelm,* Ky., 504 S.W.2d 699, 701 (1973).

 The only remaining matter, therefore, that may be considered here on appeal is that of the allocation of liability for court costs to Mr. Beaver. The governing statute has been interpreted as follows:

> If there had ever been any doubt regarding the discretionary authority of the trial court to allocate court costs and award an attorney's fee KRS 403.220 laid

that doubt to rest once and for all. As matters now stand, an allocation of court costs and an award of an attorney's fee are entirely within the discretion of the court. *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512, 514 (1975).

Having examined the entire record in this proceeding, we find no abuse of discretion by the trial court in ordering Mr. Beaver to pay all of the court costs incurred in this action.

The judgment of the trial court is affirmed.

All concur.