Hugh JOHNSON, Appellant,

v.

MALONEY'S OF OLIVE HILL, INC., Appellee.

Court of Appeals of Kentucky.

Aug. 4, 1978.

Truman L. Dehner, Hogge, Blair & Dehner, Morehead, for appellant.

David O. Welch, Ashland, for appellee.

Before MARTIN, Chief Judge, and HAYES and HOWARD, JJ.

MARTIN, Chief Judge.

This case is now before the Court on the appellee's motion to dismiss filed June 22, 1978. The stated basis of the motion is appellant's failure to file a timely designation of record in accordance with CR 75.01. The appellant has not responded to the motion.

It appears from the record before us that appellant filed a notice of appeal on June 2, 1978. A designation of record was filed on June 13, 1978. This was one day beyond the ten days allowed by CR 75.01. It is apparent, therefore, that there was no timely designation of record. This brings us to a consideration of the propriety of the relief to be granted.

The law in Kentucky has been that failure to timely designate the record on appeal will result in a dismissal of the appeal. *Timmons v. Allen*, Ky., 449 S.W.2d 27 (1970); *Motorists Mutual Insurance Co. v. Mercer*, Ky., 462 S.W.2d 188 (1970). The harshness of the relief was not mandated as a mere punishment for a rule violation. Under the rules of civil procedure in force at the time *Timmons* and *Motorists Mutual* were decided, it was necessary to designate each and every part of the record to be considered on appeal. If there was no designation of record, there was no record for the appellate court to review. Without a record of what occurred below, the appellate court had no choice but to dismiss the appeal.

The situation is somewhat altered by the 1976 amendments to the rules. CR 75.07(1) now mandates that the appellate record shall contain the original record on file in the circuit clerk's office plus the designations of the parties. CR 75.01 limits the required designation to "such portions of the evidence or proceedings stenographically reported as he [the appellant] wishes to be included in the record on appeal." This Court's decision in *Modine Manufacturing Company v. Thweatt*, Ky.App., 547 S.W.2d 448 (1976), relieves the appellant of

the necessity of filing a designation in cases where there were no stenographically reported evidence or proceedings in the court below because, in such cases, the circuit court's record already contains all that is necessary for appellate review in the case. This record will come before the Court of Appeals under 75.07(1).

Therefore, it is now possible to bring a case before this Court without designation of record when the lack of stenographically recorded evidence or proceedings would make the filing of the designation an empty exercise. The case of *Webb v. Webb*, decided with *Modine Manufacturing Company, supra*, ordered the dismissal of an appeal in which there had been a late attempt to designate stenographically recorded proceedings. Citing *Motorists Mutual, supra*, *Webb* continues the practice of dismissing cases for failure to designate when stenographically recorded proceedings were held in the court below. Further consideration indicates that the holding in *Webb* may be overbroad and should be limited.

In a vast majority of appeals, the issues disputed by the parties cannot be resolved without reference to the transcript of the proceedings below. In such cases, the dismissal required by *Webb* is a sound and necessary practice and will be continued.

However, there are rare cases in which the issues to be decided on appeal do not require reference to any record beyond the clerk's record, which will be forwarded to this Court without the necessity of designation. In such cases, it defeats the ends of justice to dismiss a worthy appeal for failure to comply with a procedural step which is a mere empty exercise in the context of that appeal. Such cases should not be dismissed.

The obvious difficulty will be determining which cases require examination of the transcript of proceedings and which do not. It appears that the most efficient method of defining the necessity of designation in an individual case is to place the burden of doing so on the attorneys involved.

■ This Court will continue to assume the necessity of the transcript of evidence or proceedings below (where such proceedings occurred) and will continue to dismiss cases for failure to *timely* and *properly* designate the record. However, if an attorney for an appellant is able to advance responsible argument as to why his case can be decided on the circuit clerk's record alone (as defined in 75.07(1)), then the case will be passed to the merits. To emphasize, in his response to a motion to dismiss for failure to designate the record, appellant's counsel *must* state why the circuit clerk's record is all that is necessary for a decision on the appeal. If no sound reasons are advanced, the appeal will be dismissed.

■ This decision does not reduce but rather emphasizes the importance of the designation of record. The rules on designation are clear and straightforward, and there is no reasonable excuse for a responsible attorney's failure to file a timely and proper designation or to request an extension of time under CR 6.02. The types of case defined by *Modine Manufacturing Company* and by this opinion are the sole and narrow exceptions to the rule.

■ In the present case, there has been no response to the motion to dismiss. The case involves a negligence accident that led to a two-day trial. The motion for a new trial, included in the partial record before us, is based on improper jury instructions and, apparently, the sufficiency of the evidence. On consideration, it appears that the appeal cannot be decided without reference to the transcript of the proceedings. There has been no timely designation of such proceedings for inclusion in the appellate record. Therefore, the Court orders that this appeal be dismissed.