**Thomas SEALE, Next Friend of David Walker Seale, an Infant, Appellant,**

v.

**Steve RILEY, Mark Hacker, and Phyllis Bowman, Appellees.**

Court of Appeals of Kentucky.

June 6, 1980.

Larry Kelley, Booneville, for appellant.

Buford Short, Rose & Short, Beattyville, W. R. Patterson, Jr., Lexington, Everett Currier, Beattyville, for appellees.

HAYES, Chief Judge.

Appellee Phyllis Bowman has moved this Court to dismiss this appeal for failure to file a proper designation of the stenographically recorded proceedings from the circuit court in accordance with CR 75.01. Appellee Mark Hacker has moved this Court for leave to join in Bowman's motion to dismiss on the same grounds.

Our ruling on these motions is being made the subject of this opinion and order. Publication shall provide notice to the bar of the standards against which minimum compliance with CR 75.01 will be measured.

Following a trial and jury verdict, judgment was entered on September 25, 1979, dismissing this appellant's claim against these appellees. Following the overruling of various postjudgment motions, the appellant filed his notice of appeal on November 21, 1979. On November 26, 1979, the appellant filed a document entitled "Designation of Record on Appeal," the text of which is set out in its entirety as follows:

Pursuant to Rule 75.01 of the Kentucky Rules of Civil Procedures, the plaintiff/appellant designates the entire trial court record to be included in the record on appeal.

Appellee Bowman in support of her motion to dismiss argues that this does not constitute a "designation of evidence or proceedings stenographically reported" as required by CR 75.01. The appellee further argues that since there has been no designation filed in accordance with the rule and that since a transcript of the evidence in trial proceedings is necessary for a decision of the appeal, the appeal should be dismissed. *Johnson v. Maloney's of Olive Hill, Inc.*, Ky.App., 569 S.W.2d 704 (1978).

In reply, the appellant argues that this designation is adequate under CR 75.01, although the designation is styled under a prior version of that rule. The appellant dismisses the appellees' argument as "a matter merely of language." This Court does not agree and finds that, in light of the 1976 amendments to the rules, the appellees have raised a meritorious argument.

The current version of CR 75.01, following the title amendment effective July 1, 1979, is set out as follows:

RULE 75.01 DESIGNATION OF EVIDENCE OR PROCEEDINGS STENOGRAPHICALLY REPORTED

Unless an agreed statement of the case is certified as provided in Rule 75.15, within 10 days after filing the notice of appeal the *appellant shall serve* upon the appellee *and file* with the trial court *a designation of such portions of the evidence or proceedings stenographically reported as he wishes to be included in the record on appeal*, unless the appellee has already served and filed a designation. Within 10 days after the service and filing of such designation, any other party to the appeal may serve and file a designation of additional portions of the evidence or proceedings stenographically reported as he wishes to be included. If the appellee files the original designation,

the parties shall proceed under Rule 75.02 as if the appellee were the appellant. [Emphasis added.]

█ The purpose of this rule is to require the appellant in each case to define those portions of the stenographically recorded proceedings in the circuit court which the appellant wishes to add to the clerk's original record in support of his position on his appeal. CR 75.07(1) and (2).

Under the current appellate rules, the record on appeal is made up of the entire original record maintained by the clerk of the trial court in his office, CR 75.07(1), and the transcript of evidence and proceedings stenographically reported as designated or stipulated by the parties, CR 75.07(2), with certain types of supporting documentary evidence, CR 75.07(3). The clerk's original record is always included in the record on appeal; the transcript of evidence or proceeding stenographically reported and depositions are included only when specifically designated.

The designation which the appellant is required to file by CR 75.01 is intended to define those parts of the transcript which the appellant wishes included in the record on appeal under CR 75.07(2).

This appellant's designation of "the entire trial court record" does not assist in that definition. We are aware that such a designation will cause many circuit court clerk's to include the transcript, and this may have given some members of the bar the mistaken impression that a designation of "the entire trial court record" was acceptable. But the concept is foreign to Rule CR 75 which concerns the record on appeal and is comprehensible only in reference to practices arising under the pre-1976 appellate rules.

█ Therefore, we hold that a designation of the entire trial court record is not adequate under the current CR 75.01.

█ It is undisputed that the transcript of the proceedings in the trial court is necessary for a resolution of the issues presented by this appeal, and the lack of an adequate designation would normally require the dismissal of this appeal. *Johnson v. Maloney's of Olive Hill, supra.* However, in reaching our decision on this motion, the Court has examined a large number of appellate records and determined that the practice of designating the entire trial court record is widespread. Dismissal of all appeals currently pending before this Court in which an inadequate designation was filed would work a severe hardship on the bar and would be fundamentally unfair to the litigants. Therefore, we will not dismiss pending appeals in which the entire trial court record has been designated if that is the only ground advanced to support dismissal. However, any designation of evidence or proceedings stenographically reported filed in accordance with CR 75.01 after August 1, 1980, which designates only "the entire trial court record" shall be held improper and will be grounds for dismissal of the appeal as if no designation had been filed. Attorneys are hereby placed on notice that the designation filed pursuant to CR 75.01 should state with particularity those portions of the evidence or proceedings stenographically reported as the party wishes to be included in the record on appeal. A blanket designation of "the entire trial court record" is not acceptable.

For the reasons stated above, the motions to dismiss this appeal are hereby DENIED.

All concur in the opinion of HAYES, C. J., except WILHOIT and HOWARD, JJ., who concur in the result by a separate opinion.

WILHOIT, Judge, concurring.

I concur in the majority opinion only because it does not dismiss the instant appeal and because we are giving the bar this notice of the hypertechnical interpretation we plan to give to CR 75.01. Inasmuch as CR 75.07(1) requires the clerk to certify the entire *record* anyway, it seems to me that a designation such as we have here obviously means that the entire *transcript of evidence* is designated. One need only look at the number of appeals filed in this Court in which all of the stenographically reported

evidence is included in the record sent to us on the basis of the very designation used here. The practice of law is difficult enough without the courts laying "booby traps" where the substantial rights of no party are involved and no prejudice results.

Even though CR 1 no longer requires it, I still believe the rules of procedure should be construed to secure the just, speedy, and inexpensive determination of every action, not to avoid a determination by strict construction when no party will be prejudiced by a less strict construction of the rules.

HOWARD, J., joins in this opinion.