Morris J. RICHMAN and Richman Industries, Inc., Appellants,

v.

FIRST SECURITY NATIONAL BANK AND TRUST COMPANY, Appellee.

Court of Appeals of Kentucky.

June 17, 1983.

As Modified Sept. 2, 1983.

Jerry L. Horn, Kincaid, Wilson, Schaeffer, & Hembree, P.S.C., Lexington, for appellants.

Timothy Cone, R. David Lester, Gary W. Barr, Stoll, Keenon & Park, Lexington, for appellee.

OPINION AND ORDER DENYING MOTION

Before McDONALD, HOGGE and WILHOIT, JJ.

McDONALD, Judge:

Appellee has moved this Court to strike appellants' brief and to dismiss this appeal for failure of appellants to properly designate depositions filed with the circuit clerk. Having considered the motion and its response, the Court ORDERS the motion be DENIED. This Opinion and Order is being published because of recurring questions regarding the requirements of CR 75.01(1) and CR 75.07(1).

This is an appeal from a summary judgment in favor of appellee First Security National, the plaintiff in the trial court. In its opinion, the trial court specified consideration of the record, including depositions filed with the circuit clerk. Appellants' designation of evidence of proceedings stenographically reported contains no specific designations of depositions, although it did designate the entire original record.

Appellee contends that these depositions were not "read in evidence," and thus the circuit clerk was required to exclude them from the record on appeal pursuant to CR 75.07(1), which states:

(1) The clerk of the trial court shall prepare and certify the entire original record on file in his office, in accordance with the requirements of paragraphs (9) and (10) of this Rule 75.07, including the designations or stipulations of the parties with respect to proceedings stenographically or mechanically recorded and a certified copy (rather than the original) of the docket assigned to the action, but excluding depositions not read in evidence.

Further, appellee complains of appellants' failure to file a statement identifying depositions as required by CR 75.01(1)(b), as amended effective July 1, 1981.

CR 75.01(1) provides in pertinent part as follows:

(1) ... [A]ppellant shall ... file ... (a) a designation of such untranscribed portions of the proceedings stenographically or mechanically recorded as he wishes to be included in the record on appeal ... and (b) a statement identifying such depositions, if any, or portions thereof, as have been filed with the clerk but were not read in evidence and thus are required by Rule 75.07(1) to be excluded from the record on appeal ....

■ Relying on commentary contained in the 1981 pocket part to 7 W. Clay, *Kentucky Practice,* CR 75.01 (3rd ed. 1974), appellee argues that the 1981 amendments to CR 75.01 require an appellant to specifically identify those depositions which were not read at trial, but which are to be included in the record on appeal. The rules, however, clearly require *exclusion* of any depositions not read in evidence. Depositions not read in evidence are not to be included in the record. The statement required by CR 75.-01(1)(b) essentially places a burden on an appellant to advise the trial court clerk regarding the inclusion of any depositions which the clerk is otherwise required to exclude from the record under CR 75.07(1).

■ Having considered the proper use of the statement identifying depositions, we now turn to the meaning of "read in evidence." Appellants, emphasizing that this case was disposed of by summary judgment and thus never went to trial, urge that these depositions were portions of the trial court record, and should thus automatically be included in the record on appeal under CR 75.07(1) and cases such as *Johnson v. Maloney's of Olive Hill,* Ky.App., 569 S.W.2d 704 (1978). It is our opinion that a deposition cannot be "read in evidence" in the absence of a trial or evidentiary hearing. Exclusion from the record of depositions not "read in evidence" can logically apply only to cases in which evidence has been taken by way of trial or evidentiary hearing in the trial court. Indeed, the purpose of a designation is to inform the court reporter, the clerk, and all parties that an appellant intends to rely on untranscribed proceedings before the trial court, thus requiring a delay in certification of the record in order to permit preparation of the transcript.

■ Although this Court indicated in *Seale v. Riley,* Ky.App., 602 S.W.2d 441 (1980), that depositions were to be included in the record only when specifically designated, the Supreme Court of Kentucky amended CR 75.01(1), effective July 1, 1981, to require designation of only *untranscribed* portions of stenographically or mechanically recorded proceedings. Depositions which have been filed with the circuit clerk have already been transcribed and are part of the record if they have been read into evidence. If they have not been read into the evidence, they are excluded pursuant to CR 75.07(1). However, depositions such as in the present case, where no trial or hearing was held, are caught in the safety net phrase, "designate the entire record," because CR 56.03 predicates the summary judgment, if granted, upon "pleadings, depositions, answers to interrogatories, stipulations, and admissions *on file* ...." (Emphasis ours.) The rule implicitly requires examination of the entire record to test whether the trial court was correct in its determination that there was "no genuine issue as to any material fact ...."

In the present appeal, no trial or evidentiary hearing was held. As a result, no depositions could have been read in evidence. Yet, all the depositions have been *considered* in evidence, the same as depositions read into evidence at trial have been considered by a jury as evidence, because the trial court's summary judgment and our appellate review are predicated on an examination of the entire record on file. Thus the depositions filed with the circuit clerk in this case should not be excluded from the record on appeal. No specific designation of such depositions was required, and they were properly certified as part of the record on appeal, under the catch-all designation, "of the entire record."