Billie J. OLDFIELD, Movant,

v.

Carroll G. OLDFIELD, Respondent.

No. 83–SC–141–DG.

Supreme Court of Kentucky.

Nov. 23, 1983.

As Amended Feb. 16, 1984.

Frank E. Haddad, Jr.,* Harris J. Berman,* Louisville, for movant.

W. Waverly Townes, Louisville, for respondent.

## OPINION OF THE COURT

VANCE, Justice.

Movant's appeal was dismissed by the Court of Appeals for failure to properly designate the record on appeal pursuant to CR 75.01. We granted discretionary review to consider the question of whether a designation of "The entire record of the hereinabove styled action to be included in the record on appeal to the Kentucky Court of Appeals" complies with the Civil Rules pertaining to designation of the record on appeal.

* These lawyers are not responsible for the error considered in this opinion.

In a great many appeals the issue to be determined does not require a transcript of all of the testimony at the trial. In most appeals a transcript of the voir dire examination of prospective jurors and the opening and closing statements of counsel is not germane to the issues raised. The preparation of a record on appeal composed of matters which are unnecessary to determine the issues raised by the appeal entails both unnecessary expense and unnecessary delay.

■ C.R. 75 was formulated to limit the record of appeal to the clerk's original record plus such additional matters as may be designated by the parties to the appeal. The transcript of evidence stenographically reported, the voir dire, and statements of counsel are not a part of the clerk's original record and do not constitute a part of the record on appeal unless they are specifically designated pursuant to C.R. 75.01.

■ Consequently, if consideration of the transcript of evidence is necessary to the determination of the issue raised by appeal, and the transcript of evidence is not designated for inclusion in the record, the appellate court finds itself unable to resolve the issue because the record is insufficient, and the appeal must be dismissed.

We realize that the practice of designating "The entire record" existed for many years in this state. That practice never did comply with C.R. 75 and the Court of Appeals called a halt to that practice in a very well-reasoned opinion rendered in 1980. *Seale v. Riley,* Ky.App., 602 S.W.2d 441 (1980).

*Seale* recognized the practice of many attorneys whose designation of the record was improper and declined to dismiss appeals pending at that time upon the ground of improper designation of the record on appeal. The opinion in *Seale* placed attorneys upon notice that the designation of record should state with particularity those portions of the evidence or proceedings stenographically reported which the party desired to be included in the record on appeal. Notice was given that on and after

August 1, 1980, a designation which designates only "The entire trial court record" shall be held improper and will be grounds for dismissal of the appeal.

■ Movant contends that this court has never approved the decision of the Court of Appeals rendered in *Seale v. Riley, supra,* and further contends that designation of the "entire record" complies with C.R. 75.01. It is conceded that such a designation is not defective if the appellant desires nothing further than the clerk's original record to constitute the record on appeal. The clerk's original record will be certified in any case, and if that is all that is desired no designation at all is required. *Johnson v. Maloney's of Olive Hill, Inc.,* Ky.App. 569 S.W.2d 704 (1978); *Modine Manufacturing Co. v. Thweatt,* Ky.App., 547 S.W.2d 448 (1976).

No part of the transcript of evidence was designated for inclusion in this record on appeal and movant does not contend that the issues raised by this appeal can be decided without reference to the transcript of evidence. See *Modine Manufacturing Co. v. Thweatt, supra.*

Movant contends, however, that the respondent has not been prejudiced because the clerk of the trial court did send with the record on appeal a complete transcript of the evidence. Movant argues that a designation of the record, though defective, is sufficient if the entire proceedings in the trial court are certified in the record of appeal. It could be contended with equal logic that if the entire record is certified, then the failure to file any designation at all would be of no importance.

■ Movant's reasoning is fallacious on two counts. First, the clerk cannot properly certify a transcript of evidence unless it is designated. If we accept transcripts of evidence not designated—the intent of the rule to eliminate unnecessary portions of a record on appeal would be completely circumvented. Secondly, it has been held that failure to file a designation requires dismissal of an appeal even though the entire record of the proceedings in the trial court

have been filed as the record on appeal. *Commonwealth of Kentucky, Department of Highways v. Black,* Ky., 329 S.W.2d 192 (1959). It has also been held that filing of the designation on the 12th day after the notice of appeal instead of within 10 days as required by C.R. 75.01 is fatal to the appeal despite the absence of any prejudice to the appellee. *Timmons v. Allen,* Ky., 449 S.W.2d 27 (1969); *Motorists Mutual Insurance Company v. Mercer,* Ky., 462 S.W.2d 188 (1970).

■ The designation of record in this case did not designate the transcript of evidence for inclusion in the record on appeal. Without such a designation, the clerk of the trial court could not properly include the transcript of evidence as a part of the record on appeal. Because the inclusion of the transcript of evidence in the record on appeal was unauthorized and improper, the transcript cannot be considered, and without it the appeal cannot be decided. The dismissal of the appeal by the Court of Appeals is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON and STEPHENSON, JJ., concur.

WINTERSHEIMER, J., did not sit or participate in the decision of this case.