Joe Michael HOLLAND, Appellant,

v.

Rebekah Mae (Fields) (Pace) HOLLAND
and Joe Fields and Barbara
Fields, Appellees.

Rebekah Mae HOLLAND, and Joe
Fields and Barbara Fields,
Cross-Appellants,

v.

Joe Michael HOLLAND, Cross-Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1984.

Michael D. Ward, Benton, for appellant, cross-appellee.

James A. Harris, Jr., Osborne & Harris, Paducah, for appellees, cross-appellants.

Before COMBS, DUNN and GUDGEL, Judges.

COMBS, Judge.

This is an appeal from a Marshall Circuit Court order dismissing appellant's motion to modify child custody.

The trial court was faced with a bitter dispute that required a Solomonic decision. A mother, two fathers and three sets of grandparents contested the custody of two little girls. The mother was married twice, each marriage producing one child. When each marriage was dissolved, the mother was awarded custody. After the end of the second marriage, the mother eventually migrated to Las Vegas, Nevada. The mother returned the children to Kentucky,

placed them in her parent's home and had them enrolled in the local elementary school. After the children resided with their maternal grandparents for several months, the paternal grandparents of the older girl and the father of the younger girl sought modification of the decrees in order to have custody of the girls. All parents and grandparents became parties to the action.

The trial court found that the best interest of the children required that they not be separated. The court further found that it was in the best interest of all parties and children to remain with their maternal grandparents. To have given custody to any of the children's paternal relations would require that they be separated. To have given custody to the mother would have hindered visitation with the relatives the children love and respect.

Although the court found a suspicion that the mother's conduct would not be approved by the community in Marshall County, it did not find any parent or grandparent unfit or unsuitable to have custody of the children.

The father of the younger child appeals, arguing that the findings are unsupported by the evidence. We disagree. A review of the record indicates that the findings are not clearly erroneous. CR 52.01. He further argues that the findings of fact are inadequate to award custody to a non-parent. The father has waived this argument by failing to request findings on the issue of parental fitness. CR 52.04. *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1982).

The mother cross-appeals seeking attorney fees because the action for modification was vexatious and constituted harassment. KRS 403.340(3). This court probably cannot rule on this issue because the mother's attorney is not a party to this appeal. See *Beaver v. Beaver*, Ky.App., 551 S.W.2d 23 (1977). Assuming otherwise because the father had probable cause to bring this action, the action was not vexatious.

The judgment of the Marshall Circuit Court is affirmed.

All concur.