McDonald, judge.
This is before the Court on the appellee’s motion to dismiss this appeal for failure of the appellant to properly designate the record on appeal. The appellee argues that the appellant violated CR 75.01(l)(b) and CR 75.07(1) by failing to inform the circuit court clerk the depositions to be excluded from the record on appeal and by specifically designating a deposition not read into evidence for inclusion in the record. The appellee further asserts the appellant’s violation warrants dismissal of the appeal. Although we agree with the appellee’s interpretation of the applicable civil rules, we do not agree that the applicant’s mistake requires dismissal of the appeal.
This is an appeal from a dissolution of marriage action in which a four-day bench trial was held. Seven depositions were filed in the circuit court record prior to the trial. No deposition was introduced into evidence during the bench trial. The appellant designated the trial transcript and one discovery deposition for inclusion in the record on appeal.
Civil Rule 75.01 requires an appellant to file in the circuit court a designation of the record. CR 75.01 provides in pertinent part as follows:
(1) Unless an agreed statement of the case is certified as provided in Rule 75.-15, within 10 days after filing a notice of appeal the appellant shall serve upon the appellee and file in the trial court (a) a designation of such untranscribed portions of the proceedings stenographically or mechanically recorded as he wishes to be included in the record on appeal, ... and (b) a statement identifying such depositions, if any, or portions thereof, as have been filed with the clerk but were not read in evidence and are thus required by Rule 75.07(1) to be excluded from the record on appeal.[1]
CR 75.07(1) instructs the circuit court clerk to certify the entire original record, including material designated under CR 75.01. CR 75.07(1) also directs that depositions not read into evidence be excluded from the record on appeal. The appellant argues that a deposition not read into evidence may be included in the record on appeal if it is designated pursuant to CR 75.01(l)(b).
The intent of CR 75.01 and CR 75.07(1) is that the record on appeal contain the evidence available to the trier of fact. A party cannot utilize CR 75.01 to include evidence in the record on appeal if that evidence was not first placed before the fact-finder during trial. Therefore, depositions not read into evidence at a jury trial, or not introduced into evidence at a bench trial, should not be included in the record on appeal. Any reading of Richman v. First Security National Bank and Trust Co., Ky.App., 652 S.W.2d 671 (1983), to the contrary is a misinterpretation of that case. Rickman stands for the proposition that a designation of evidence is not necessary in an appeal from a summary judgment *354 where no evidentiary hearing was held and the summary judgment was based upon pleadings, depositions, answers to interrogatories, stipulations and admissions on file.
The circuit court clerk does not know which depositions filed in the circuit court record were read, or otherwise introduced, into evidence during a trial. The purpose of the list of depositions required by CR 75.01(l)(b) is to inform the clerk which depositions need to be removed from the record on appeal.
The deposition listed in the appellant’s designation was not offered into evidence during the course of the bench trial, and should be excluded from the record on appeal. Therefore, the circuit court clerk is DIRECTED to remove from the record the deposition of James Altman taken on August 31, 1984, and any exhibits attached to the James Altman deposition. The Court further ORDERS the appellee’s motion to dismiss be DENIED.
All concur.

. In an appeal to which CR 76.14 applies, the designation is due ten days from the date of an order stating no prehearing conference shall be held, or an order entered pursuant to CR 76.-14(9). CR 76.14(14).