Cindy MIFFLIN (as Executrix of
Estate of Charles R. Mifflin);
et al., Appellants,

v.

Laura MIFFLIN, Appellee.

No. 2003–SC–000857–DG.

Supreme Court of Kentucky.

Aug. 25, 2005.

Richard C. Roberts, Whitlow, Roberts, Houston & Straub, Paducah, Counsel for Appellants.

Willard B. Paxton, Paxton Law Office, Princeton, Counsel for Appellee.

GRAVES, Justice.

We granted discretionary review in this matter to determine whether twenty-eight seconds of videotaped trial record is a legally sufficient designation of the record on appeal.

This dispute involves the estate of Charles R. Mifflin, who died testate in June 1998. The residuary beneficiaries of Mr. Mifflin's will were his widow, Appellee (Laura Mifflin), and his two daughters, Appellants (Cindy and Debbie Mifflin). Appellee was to receive the income from the estate assets. Cindy Mifflin was designated as the executrix.

The estate was probated in the Livingston District Court. Appellee filed an action in Livingston Circuit Court challenging the probate proceeding and the distribution of assets. The trial court referred the matter to a Special Commissioner. After conducting hearings and

taking evidence, the Special Commissioner rendered his Report and Recommendations. The trial court accepted most of the Special Commissioner's recommendations and issued a Final Order and Judgment.

Appellants filed a Motion to Correct Final Order and Judgment pursuant to CR 60.02. One of the errors that Appellants alleged in the Motion was that the calculations involving a bank account, referred to as the Mifflin and Associates bank account (hereinafter "M & A"), were incorrect. This bank account was owned by Mr. Mifflin and was not mentioned in the will. Appellee had access to this account, and continued to use it after Mr. Mifflin's death by depositing her personal funds into the account and writing checks on the account for both personal and estate purposes. In the Motion, Appellants alleged that, in their calculations, the commissioner and trial judge improperly treated the M & A account as a joint account owned by Appellee. The trial judge denied the Appellants' motion on this issue.

Appellants raised the issue regarding the M & A account calculations to the Court of Appeals. Appellants argued that the residuary estate owned the M & A account, but the trial court based its monetary calculations on the mistaken assumption that Appellee owned the account. In doing so, Appellants claimed that the estate was erroneously charged with money spent for the benefit of the M & A account. Appellee argued that Appellants, who designated only twenty-eight seconds of videotaped trial record on appeal, had not designated enough of the record to resolve the issue. Appellee did not designate any portion of the record on appeal, and argued that, as a rule of law, the Court of Appeals should assume that any undesignated portions of the record supported the judgment of the trial court. The Court of Appeals

affirmed the judgment of the trial court, stating that, without the benefit of the trial record and only twenty-eight seconds of videotaped record, it did not have a basis to conclude that the trial court had erred. We granted review.

Appellant claims that no specific findings were made at trial regarding ownership of the M & A account because ownership was never a contested issue before the trial court. Appellant argues that Appellee admitted that the estate owned the M & A account in an affidavit, and Appellee's attorney took this position both in writing and orally at trial. The twenty-eight seconds of record that Appellants designated on appeal was a statement from Appellee's attorney before the Special Commissioner. Appellee's attorney stated that the M & A bank account belonged one-third to Laura Mifflin, one-third to Cindy Mifflin, and one-third to Debbie Mifflin.

CR 75.01 requires an appellant to designate any untranscribed material that the appellant wishes to be included in the record on appeal. One purpose of CR 75.01 is to eliminate unnecessary portions of the record on appeal. *See Burberry v. Bridges,* 427 S.W.2d 583 (Ky.1968) ("The use of [CR 75.01] would allow for the use of partial records on appeal, which has been encouraged by this court."); *see also Oldfield v. Oldfield,* 663 S.W.2d 211 (Ky. 1983); *Seale v. Riley,* 602 S.W.2d 441 (Ky. App.1980). *Oldfield* and *Seale* both held that it is improper for an appellant to designate "the entire trial court record" on appeal.

█ Appellee concedes that she may designate any additional portions of the record. However, she argues that she may also elect not to file additional designations, and as a matter of law, the reviewing court is to assume that any portions of record that are not designated support the

findings of the trial court. Appellee relies upon *Colonial Life and Accident Insurance Co. v. Weartz,* 636 S.W.2d 891 (Ky. App.1982).

In light of the evidence presented at trial, and CR 75.01, we find that the twenty-eight seconds of record was a legally sufficient designation of the record on appeal. Ownership of the M & A account was never an issue before the trial court, and therefore there was no evidence and testimony taken directly to this regard. As a result, the twenty-eight seconds of record is the only portion of the record that addresses ownership of the account. To designate additional portions of the record that do not address the ownership issue would be improper under CR 75.01.

Here, the designated portion of the record reflects an admission by Appellee's attorney that the M & A account was to be divided equally among the parties, indicating his position that the account was part of the residuary estate, and not owned by Appellee. In addition, in her Complaint to the trial court, and in a sworn affidavit, Appellee makes references to the fact that the M & A account was to be divided three ways. We find that this evidence is sufficient to support a conclusion that the M & A account was in fact a part of the residuary estate.

In accordance with CR 75.01, we hereby overrule *Colonial Life, supra,* to the extent that it requires appellate courts to assume as a matter of law that undesignated parts of the record support the findings of the lower court in light of evidence presented by an appellant that is adequate to support a conclusion to the contrary. When an appellant has designated part of the record for appeal that is sufficient to support a conclusion of error by the trial court, the appellee must also designate portions of the record in support of her position. Appellee in the instant case has not put forth evidence to demonstrate that she owned the M & A account.

We remand this matter to the Court of Appeals for further proceedings consistent with this opinion.

All concur.