COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, Appellant,

v.

Clara WEARTZ, Personal Representative of the Estate of Edward C. Weartz, Deceased, Appellee.

Court of Appeals of Kentucky.

Aug. 13, 1982.

Stewart L. Prather, Louisville, for appellant: Colonial Life & Acc. Ins. Co.

David A. Black, Louisville, for appellee: Clara Weartz, Personal Representative of the Estate of Edward C. Weartz, Deceased.

Before GANT, GUDGEL and WHITE, JJ.

GUDGEL, Judge:

In this case an insurance company appeals from an adverse judgment in a suit filed to recover total disability benefits which were alleged to be due under the terms of an insurance contract. The insurance company claims that the trial court erred in failing to grant its motion for a directed verdict. We disagree. Consequently, we affirm.

Appellee, Clara Weartz, is the personal representative of Edward C. Weartz. Weartz, a plumber's helper, was covered under a group disability policy obtained by his employer from appellant Colonial Life & Accident Insurance Company (Colonial). The policy insured against "loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely by accident. . . ." and provided for the payment of both temporary and permanent disability benefits.

On September 13, 1976, Weartz slipped while carrying a bathtub at his work and injured his back. When, after surgery failed to alleviate the back injury, Weartz's doctors certified to Colonial that he had been totally disabled as a direct result of the accident, independently of all other causes, Colonial proceeded to pay him temporary disability benefits. After those benefits were exhausted, Colonial began to pay him permanent disability benefits. It continued these payments until another examination of Weartz made by an orthopedist at Colonial's request caused it to conclude that Weartz's disability was not solely the result of the September, 1976 accident. Colonial terminated its payment of benefits on March 22, 1978 and this action followed. Weartz died on May 10, 1981, and his wife, acting as his personal representative, revived the action.

The case was tried before a jury on September 17, 1981 on the sole issue of whether Weartz's disability resulted, directly and independently of all other causes, from the September 13, 1976 injury. The testimony

by deposition of Weartz's orthopedist was read into evidence at trial. He testified that Weartz's disability was fifty percent due to a preexisting back condition. Based on this testimony, Colonial moved for a directed verdict on the ground that the preexisting condition prevented the September 13, 1976 injury from being the sole cause of Weartz's disability as a matter of law. The trial court denied the motion and the jury returned a verdict for Weartz. This appeal followed.

At the outset, we must deal with appellee's arguments that appellant's appeal should be dismissed because it failed to comply with CR 75.01. Appellant designated only that portion of the trial transcript which included its motions for a directed verdict. In addition, the medical testimony contained in depositions read into evidence at trial is before us as part of the original record filed with the circuit clerk. Appellee argues that appellant's designation is insufficient because we can only determine the correctness of the trial court's ruling on the motion for a directed verdict if all of the evidence presented at trial is part of the record on appeal. We disagree.

■ While we are required to assume that any evidence in the record not before us supports the findings of the lower court, *Burberry v. Bridges*, Ky., 427 S.W.2d 583 (1968), *Hamblin v. Johnson*, Ky., 254 S.W.2d 76 (1953), there are situations, as in this case, in which facts established by the testimony of one witness could compel the trial court to find that a party is entitled to judgment as a matter of law. In such situations, a designation of the testimony of that witness and any motions necessary to preserve the grounds for appeal will suffice to enable us to review the correctness of the trial court's ruling. To automatically require that the entire trial transcript be designated before we may review the validity of a trial court's ruling on a motion for a directed verdict would violate the policy favoring specific designations enunciated in *Seale v. Riley*, Ky.App., 602 S.W.2d 441 (1980), and the purposes of CR 75.01 as

recently amended. If an appellee is not satisfied with the designation, the appellee may designate additional portions of the trial proceedings for our consideration, or may rely on the rule enunciated above that we will assume that all undesignated parts of the record support the judgment of the trial court. We hold therefore, that appellant's failure to designate the entire trial transcript does not preclude us from reviewing the correctness of the trial court's ruling on the motion for a directed verdict.

■ Appellee also argues that appellant's failure to file the court reporter's certificate required by CR 75.01(2) should cause us to dismiss the appeal. The rule requires such a certificate in order to insure that timely action has been taken to have the necessary transcript made and that the court reporter will be paid for the work done. In this case, the court reporter, Mark Weston, lives in Indiana and refused to either provide a transcript or the necessary certificate. Appellant had a transcript prepared by a notary public and submitted an affidavit explaining its failure to comply with the rule. In light of the highly unusual circumstances presented in this case, appellant's failure to comply with CR 75.-01(2) cannot be said to undermine the purposes of the rule. Therefore, we are unwilling to dismiss the appeal on this ground.

■ Appellant makes a single argument on appeal. In a deposition read into evidence at trial, his orthopedist testified several times that Weartz's back injury was fifty percent due to a preexisting condition and fifty percent due to his accidental fall. Appellant argues that this medical testimony established a precise degree of relationship between Weartz's preexisting back condition and his disability which proved, as a matter of law, that Weartz's disability did not result "independently and exclusively of all other causes" from his accident. We disagree.

In *Continental Casualty Co. v. Freeman*, Ky., 481 S.W.2d 309 (1972), an insurance company refused disability payments to a

worker who had injured his back on the job because the worker had had several previous back injuries which, it argued, prevented the injury from being the "independent and exclusive" cause of the worker's disability under the terms of an insurance policy. In holding that there was a jury issue in that case, the court enunciated the following test for determining when a preexisting disease or infirmity will, as a matter of law, prevent recovery under a disability policy:

> . . . . a pre-existing infirmity or disease is not to be considered as a cause unless it substantially contributed to the disability or loss. . . . a "pre-disposition" or "susceptibility" to injury, whether it results from congenital weakness or from previous illness or injury, does not necessarily amount to a substantial contributing cause. A mere "relationship" of undetermined degree is not enough.

A reading of the medical evidence in this case in its entirety establishes that reasonable minds could differ as to whether Weartz's preexisting back condition substantially contributed to his disability. Weartz complained of no back problems prior to the September 13, 1976 accident. The preexisting condition in Weartz's lower back consisted of a deterioration of some of the spinal discs and, without the accident, might never have caused Weartz any problems. Moreover, appellant ignores the following testimony of the orthopedist: ". . . . there was one primary factor. There was one injury . . . I do not view that pre-existing and dormant non-disabling condition as a cause. I think it was a pre-disposing factor. The injury was the cause."

As we view the matter, the orthopedist's testimony taken out of context that Weartz's disability was fifty percent due to a preexisting condition cannot be said to have conclusively established that the preexisting condition substantially contributed to Weartz's disability within the meaning of *Continental Casualty Co. v. Freeman, supra.* On the contrary, the orthopedist's testimony in its entirety is inconclusive and supports a finding that he actually viewed Weartz's preexisting back condition as merely predisposing Weartz to the injury caused by the accident rather than as substantially contributing to it.

In addition, the orthopedist apparently originally made the fifty percent allocation during proceedings involving a claim for workers' compensation benefits. In fact, appellant's attorney brought the compensation claim up when he was questioning the orthopedist at his deposition. The statutory scheme of Workers' Compensation invites doctors to give opinions expressed in terms of a percentage to assist the Workers' Compensation Board in various respects. In many instances these opinions are nothing more than educated guesses. Therefore, we decline to find that when they are expressed in a proceeding outside the context of workers' compensation, such as the case at bar, they are conclusive evidence as to the extent to which a preexisting disease or condition has contributed to a person's physical disability. Medical evidence other than a doctor's opinion formulated solely for workers' compensation purposes is necessary to conclusively establish that a preexisting condition or disease has substantially contributed to and hence is a legal cause of a person's total disability.

We hold therefore, that the court did not err in denying appellant's motion for a directed verdict.

The judgment is affirmed.

All concur.