Minnis ADKINS, Plaintiff–Appellant,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 89-1557.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1990.

Decided Oct. 24, 1990.

Ralph C. Young, Hamilton, Mooney, Burgess, Young & Tissue, Oak Hill, W.Va., for plaintiff-appellant.

James Michael Brown, File, Payne, Scherer & Brown, Beckley, W.Va., for defendant-appellee.

Before WIDENER and SPROUSE, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.

---

WIDENER, Circuit Judge:

Minnis Adkins appeals the district court's order granting summary judgment against him in his action to recover disability benefits under an insurance policy issued by Reliance Standard Life Insurance Company (Reliance). We vacate the district court's order granting summary judgment and remand for further proceedings.

In 1973 Minnis Adkins, while working as a coal miner, sustained an injury to his back that ultimately necessitated a spinal fusion in early 1974. In November 1974 Adkins resumed his previous duties at the mine. On March 1, 1977, Adkins became insured against permanent and total disability due to accident through an insurance policy that Reliance issued to Adkins' employer. Adkins suffered two additional accidental work-related injuries to his back, in January 1979 and in February 1982, but returned to work shortly after each incident. In May 1985 Adkins stepped into a hole inside a coal mine and injured his back for the final time. The parties agree that Adkins is now totally and permanently disabled.

Alleging that his May 1985 accident caused him to be permanently disabled, Adkins filed a claim for benefits with Reliance. The insurance policy in question provided coverage for losses "resulting directly and independently of all other causes from bodily injury caused by accident occurring while this Policy is in force." Reliance contended that the medical evidence it had received indicated that Adkins' disability was the result of several medical conditions, and denied benefits. Adkins then filed the present action in the district court, alleging that Reliance improperly denied his claim. Because the insurance policy in issue was covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, the district court correctly reviewed Reliance's decision under a *de novo* standard. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In deciding whether Adkins' disability result-

ed from accidental bodily injury "directly and independently of all other causes," the district court determined that "the great weight of the evidence is that the May 8, 1985 injury would not have totally disabled Plaintiff had he not had the previous back injuries" and granted summary judgment for Reliance.*

In referring to Adkins' "previous back injuries," however, the district court did not distinguish between Adkins' initial 1973 injury and resulting spinal fusion and the two subsequent injuries he sustained in 1979 and 1982, after the policy was in effect. Thus, the district court may have found that any one or any combination of the three previous injuries contributed to Adkins' disability. We believe that this unresolved ambiguity is critical, for the result reached necessarily implies a standard too strict to have been applied in this case, as will become apparent. We further believe that the medical evidence in the record does not clarify the issue to such an extent that we should confidently engage in the necessary fact finding to the exclusion of the district court in the first instance.

If the 1973 injury and spinal fusion contributed in a sufficient amount to Adkins' disability, the language of the policy would appear to exclude coverage. If the 1973 injury was not a sufficient factor, however, and one or both of the accidents sustained in 1979 and 1982 contributed to the disability, we believe Adkins is entitled to recover because the policy was in effect when those accidents occurred.

On remand then, the question to be determined is how much effect, if any, the 1973 injury had on Adkins' present condition of disability.

In construing the statute, we are told that we are to develop a federal common law of rights and obligations of ERISA-regulated plans. *Firestone*, 489 U.S. at 110–14, 109 S.Ct. at 954–56, quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987). *Firestone* also provides that "ERISA was

---

* Along the same line, the district court found that "[p]laintiff's best evidence is that there *may* not have been a prior degenerative disc disease." (Emphasis in original.)

enacted to 'promote the interests of employees and the beneficiaries in employee benefit plans....' " 489 at 113, 109 S.Ct. at 955 (quoting *Shaw v. Delta Airlines Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983)).

*Firestone*'s quotation from *Shaw* should guide us in our construction of the statute. Promoting the interests of employees and the beneficiaries does not seem to us to mean, as is so frequently said, that the purpose of legislation is corrective and it must be liberally construed in favor of the beneficiary. The Court could have said just that if it desired. Instead, on two occasions, it has used the quoted language. Just as importantly, however, we do not feel that that language calls for an overly literal compliance with those decisions most favorable to a finding of no liability. After all, as at least some of the authority has noted, in order to recover under such policies as the one here involved, and with such a stringent construction, a claimant would have to be in perfect health at the time of his most recent injury before the policy would benefit him, and that, of course, is a condition hardly obtained, however devoutly to be wished.

In 84 A.L.R.2d 176 is the extensive Annotation "Pre-existing physical condition as affecting liability under accident policy or accident feature of life policies." That Annotation is supplemented in Later Cases for A.L.R.2d 83–87 at p. 136 and again at p. 110 of the supplement to the volume. The gist of the Annotation is that there are two types of clauses in such insurance policies. The first provides that the injury must have occurred "solely" or "exclusively" from accidental means or so "arises directly and independently of all other causes," the precise words used in the policy at hand. The second type of exclusionary clause would exclude recovery if the injury is caused or contributed to by disease or bodily infirmity. A similar exclusionary clause is included in the policy at hand, but is not now at issue in this case.

The Annotation explains that the courts are divided in their construction of the insuring clauses which insure for disability arising from accidental bodily injuries "directly and independently of all other causes." One group of cases would permit recovery where there is disability following an accident, although there may have been some pre-existing injury or disability, on the ground that the pre-existing disease or infirmity is a remote cause of the disability. Another group of cases has denied recovery when the insured's pre-existing physical condition contributed to or cooperated with a more immediate cause in producing the disability. We have previously recognized the existence of the two lines of authority in *Gay*, infra.

In our case, the district court relied in its opinion largely on *QuesTech, Inc. v. Hartford Acc. and Indem. Co.*, 713 F.Supp. 956 (E.D.Va.1989), which incidently is the only ERISA case brought to our attention construing the language in question. *QuesTech* held that recovery was barred under an exclusionary clause for loss "resulting from ... sickness or disease" because the insured had an apparently previously existing heart condition which was not proven to have not contributed to the cause of a death otherwise purely accidental. But the court also construed language "directly and independent of all other causes" to mean "solely as a result of accidental means." 713 F.Supp. at 964. While the district court in our case did not explicitly state the standard which it was following in its decision, its failure to state that it was not following *QuesTech* and its decision that recovery would be barred not only if the 1973 injury contributed to the result, but also if the 1979 or 1982 injuries also contributed, leave as a necessary inference that the result the district court obtained is consistent with those decisions most stringent in denying recovery under standards such as the Virginia law litigated in *Gay v. American Motorists Ins. Co.*, 714 F.2d 13 (4th Cir.1983). In *Gay*, construing the same language as that at issue here, the Virginia law was held to be that if the last injury cooperated with a preexisting disease or bodily infirmity, there could be no recovery and even held Virginia would apply a "but for" rule to the noncovered risk, which is apparently what the district court

did in the case at hand. The plaintiff here, on the other hand, quite naturally would apply a but for rule to the covered risk so that the triggering of a disabling condition by accident might authorize recovery whatever the previous condition might be.

We think a better solution is to take a middle ground as has been taken by Kentucky in *Colonial Life & Acc. Ins. Co. v. Weartz,* 636 S.W.2d 891 (Ky.Ct.App.1982). In *Weartz,* a claim was made on an accident insurance policy which insured against loss resulting from accidental bodily injury "directly, independently and exclusively of all other causes." This language in the insuring clause is almost precisely that in issue here. Certainly it is no more favorable to the insured. The claimant in that case had slipped at work while carrying a bathtub, injuring his back and causing his disability. He had previously had an injury to his back. The court held that the fact of a pre-existing injury to the claimant's back was not enough to bar recovery. It went on to state the rule in such cases as follows:

> "[A] pre-existing infirmity or disease is not to be considered as a cause unless it substantially contributed to the disability or loss.... [A] "pre-disposition" or "susceptibility" to injury, whether it results from congenital weakness or from previous illness or injury, does not necessarily amount to a substantial contributing cause. A mere "relationship" of undetermined degree is not enough."

636 S.W.2d at 894.

We think the Kentucky rule is appropriate and we adopt it. It is neither all that the plaintiff asks for, nor is it as strict as the Virginia rule or the rule in *QuesTech.* We think, however, that it gives effect to the Court's admonition to promote the interests of the employees and beneficiaries in employee benefit plans. *Firestone,* 489 U.S. at 110–14, 109 S.Ct. at 954–56.

The judgment of the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS.