## Howard et al. v. Commonwealth.

(Decided October 2, 1931.)

308

JOHN W. McKENZIE and WAUGH & HOWERTON for appellants.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants, Tom and John Howard (to whom we shall hereafter refer as defendants), were jointly indicted by the grand jury of Boyd county in which they were accused of violating the provisions of section 3914b-1 of our present Statutes, and it was charged that they operated a pool room and sold pools on horse races, and did other things denounced by the statute so as to constitute the offense therein created. At their trial (under their joint plea of not guilty and the separate plea by Tom Howard of "former conviction") they were each convicted and punished by fine and imprisonment within the limitations prescribed by the statute. Their motions for a new trial were overruled and they have filed a transcript of the record in this court with a motion for an appeal.

The grounds argued in brief in support of that motion are: (1) Error of the court in overruling the motion of defendants for a continuance; (2) error in overruling defendants' motion for a peremptory instruction of acquittal based upon the ground that the testimony heard at the trial was insufficient to connect them with the operations described by the witnesses; (3) error in the instructions given, and in failing to instruct the jury upon the whole law of the case; and (4) error in not sustaining the plea of former conviction interposed by defendant Tom Howard, and in refusing to instruct the jury to acquit him for that reason. Those grounds will be disposed of in the order named.

■ The indictment was returned on the 12th day of September, 1930, and the trial was had on the 30th day of that month, or seventeen days from the time the indictment was returned. The case was first set for trial on September 25, but when that day arrived defendants objected upon the ground that they had only two days prior thereto employed Mr. John M. Waugh, who was then necessarily detained as counsel for a defendant in a prosecution pending in the Floyd circuit court, and an affidavit of defendants was filed in support thereof. It

appeared on that occasion that the trial of the Floyd county prosecution would be over in a few days and the court set this case forward until September 29. When that time arrived, Waugh was still detained in the trial of the Floyd county case and a motion was made by defendants to continue the prosecution for that reason, and in the affidavit supporting it, or some of the numerous ones filed to obtain a continuance until the next term, it was stated that defendants would be ready for trial but for the absence of Mr. Waugh. It was attempted to be shown in some one or more of those affidavits that Mr. Howerton, the other member of Mr. Waugh's firm, was professionally disqualified to represent defendants, because of his limited experience in criminal practice (notwithstanding he had previously served as Assistant Attorney General of the commonwealth); and also that at an extremely late hour defendants had endeavored to procure some other member of the Boyd county bar to defend them, but were unsuccessful.

However, the trial of the case was not entered into until September 30, and at that time they had procured the services of Hon. John W. McKenzie, who represented them at the trial, and the record discloses that either he, or some one else in the preparation of the various affidavits filed by defendants, as well as in the trial of the cases, exercised the professional skill, and with as much understanding of the facts, as, perhaps, any other attorney could have done. Lastly, it was alleged in the affidavit, as an excuse for the delay in the procurement of an attorney to represent defendants, that they were seeking to obtain a compromise judgment from the commonwealth's attorney of the district and that they were hopeful of doing so and, therefore, did not bestir themselves to obtain counsel until the day for trial was practically reached and after they had declined to accept or agree to the compromise judgment submitted by the commonwealth's attorney.

A statement of the facts as above outlined requires no comment at our hands. Numerous are the cases in which continuances were ordered because of the failure of defendant to have counsel, under facts and circumstances showing that it would be an abuse of discretion to force a trial at the particular time, or where previously employed counsel was unexpectedly and unavoidably absent; but even in such cases the discretion of the court

in refusing to continue the case has been upheld when defendant procured and had reputable counsel to defend him at the trial and against whose skill and ability no fact was urged. Surely a defendant, situated as were the two appellants here, could not be excused from employing counsel within seventeen days after indictment and legal notification, upon the ground that they were expecting to compromise the case but failed, unless, perhaps, opposing counsel representing the commonwealth had led them into the belief that such a compromise would be accepted. No such latter fact appears in this case, and defendants' delay in obtaining counsel, as based on any such excuse would, if upheld, open the door for all defendants, in criminal prosecutions, as well as litigants in civil causes, to block and stifle the progress of courts in the dispatch of business by the postponement of trials because the moving litigant was (without being misled) under the impression that his case would be compromised and not tried. The law tolerates no such rule of practice, and for that reason alone the court in this case did not abuse a sound discretion in overruling the motion.

But, in addition thereto, it appears that at the time of the employment of Mr. Waugh by defendants they were informed that he would be engaged for an indefinite number of days in a trial at Prestonsburg and they took their chances on his finishing the trial of that case before the 29th of September, to which day their trial was postponed. It was under those circumstances that they employed him with the knowledge that it was and would be uncertain as to whether he would be able to be present or not on the day for which their trial was set. Lastly, the truth is, that this accusation is not a complicated one and involves but few simple facts which are: Whether defendants actually operated the pool room with which they are charged, and at the time or during the period of time that the indictment alleged. It is a matter of common knowledge that Boyd county has a large number of competent attorneys who could and would skillfully manage the trial of a case like this in the investigation of those simple facts, and this record is strongly convincing that the entire purpose under this ground, and the argument in briefs to support it, was and is but an effort to defer the trial to a future term of the court. Defendants, as hereinbefore stated, were not prevented by any fact or facts from procuring any addi-

tional counsel to the partner of Mr. Waugh and Mr. McKenzie that they saw proper, and the fact that they were not enabled to procure the participation in their defense of the *particular* individual that they desired to represent them furnished no legal ground entitling them to a continuance. The case is unlike one where counsel had already been employed at a time when there was no doubt about his ability to attend the trial, and who had in advance of the day of trial familiarized himself with the case and the facts therein, but for some sudden and unexpected occurrence he was prevented from attending the trial. The court did not abuse his discretion when he overruled the motion for a continuance.

■ Ground 2 is wholly without merit, since a prosecuting witness identified the two defendants as operating the room on the occasion when he placed his bet, and his testimony was corroborated in the main by another witness. It was also proven by the owner of the building that he rented it to "Howard Brothers" composed of the two defendants in the indictment. We will not rehearse that testimony, but will content ourselves with saying that it positively connected both of them with violations of the statute under which the indictment was returned.

■ The error directed to the given instructions, composing a part of ground 3, is the fact that in instruction No. 1 the court did not require the jury to believe the defendants guilty "beyond a reasonable doubt." However, instruction No. 3 said: "The law presumes the defendants and each of them innocent until proven guilty beyond a reasonable doubt and if you have a reasonable doubt that the defendants or either of them have been proven guilty, then you should find them, or the one to which said doubt applies, not guilty." Our opinions are uniform to the effect that instructions in criminal as well as civil cases should be considered as a whole, and that none of them is paramount to the others, and that they are sufficient if when read and considered as a whole they submit the law of the case as arising upon the facts. O'Neal v. Commonwealth, 85 S. W. 745, 27 Ky. Law Rep. 547; Tines v. Commonwealth, 77 S. W. 363, 25 Ky. Law Rep. 1233; Baldwin v. Commonwealth, 2 Ky. Law Rep. 439; and Robertson's Kentucky Criminal Law sec. 1885.

However, in the two cases of Thompson v. Commonwealth, 26 S. W. 1100, 16 Ky. Law Rep. 168, and Long v. Commonwealth, 177 Ky. 391, 197 S. W. 843, 844, the exact

question here presented was before this court. In each of them what is termed the leading instruction (submitting to the jury the accusation contained in the indictment), the expression "beyond a reasonable doubt" was by oversight omitted therefrom, and serious complaint was made by defendant in the indictment because of that error. But this court held in each of those cases that the error was cured, by the reasonable doubt instruction, since under the rule supra all of the instructions should be read together and that the jury under such circumstances could not be misled. In the Thompson case the language employed by Judge Hazelrigg, writing for the court was: "Besides, a separate instruction required the jury to acquit if upon the whole case, they entertained a reasonable doubt of the accused having been proven guilty." The language employed in the Long opinion, written by Judge Clay, who was then a commissioner of the court, is:

"While it is true that the words 'beyond a reasonable doubt' were omitted from the first part of the instruction, we find that the instruction concludes with the following language: 'Unless you believe from the evidence beyond a reasonable doubt that the defendant has been proven guilty of the charge you will find the defendant not guilty.' The instruction should be read as a whole, and, when so read, it is apparent that the omission from the first part of the instruction of the words 'beyond a reasonable doubt' was cured by the quoted language, which in effect told the jury that it was necessary for them to believe from the evidence beyond a reasonable doubt that appellant committed the assault before they could find him guilty."

The rule so announced is bottomed on common sense, good reason, and practicability, for it would be a most incompetent juror who would not understand that the instructions as a whole required the acquittal of the defendant, unless the testimony bearing upon his guilt was convincing "beyond a reasonable doubt." It is therefore concluded that this argument in support of ground 3 cannot be sustained.

The second argument made in support of the same ground is the failure of the court to give an instruction based upon section 3914b-2 of the Statutes punishing a guilty agent or employee of a principal who is guilty of

the acts denounced by section 3914b-1, under which latter section defendants herein were prosecuted as operators and owners of the denounced business. The punishment in the first section (3914b-2) just mentioned, for guilty agents or employees, is less than that prescribed for the perpetrator of the crime denounced in the last section just mentioned (3914b-1), and it is contended that the one denounced by the first mentioned of those sections is a degree of the one denounced in the latter section. We will not stop to discuss or determine whether or not that is true, since there was no evidence in this case to show any operation of the business with which defendants were charged, except as principals; and, as hereinbefore stated, the house where the operations were conducted was rented, and according to the proof had been operated for fifteen or more years, by defendants jointly as principals. There are, therefore, no facts in the record to justify an instruction as to the guilt of either defendant simply as an agent or employee of the other. That being true, the court did not err in failing to give the instruction contended for, although it should be held that the section (3914b-2), applying exclusively to the guilt of *an agent*, is a degree of the one creating the offense against the principal.

■ Ground 4 is also unavailing to appellant Tom Howard for the reasons now to be stated. Subsection 4 of section 164 of the Criminal Code of Practice contains an enacted form of a plea of ''former acquittal'' or ''former conviction.'' It is in this language: ''The defendant pleads that he has been acquitted (or convicted, as the case may be) of the offense charged in the indictment, by the judgment of ————— court (naming it), rendered on the ——— day of ————— (naming the time).'' The defense, as interposed by the defendant Tom Howard in this case, is thus stated: ''The defendant, Tom Howard, pleads not guilty and that he has been convicted of this same offense.'' It will be perceived that the language of the Code containing the form of the plea was wholly ignored in this case. No court was stated wherein the defendant Tom Howard was convicted, so as to enable the trial court to determine whether or not it was a court having jurisdiction to try the cause; nor was there any date or time stated when the conviction was had so as to show that the instant prosecution covered the same period, or the two violations occurred at the same time, as was evidently the purpose of enacting the form of the plea.

But, even if the plea conformed to the requirements of the subsection of the Code referred to, or had so substantially done so as to make the departure therefrom immaterial, then the burden was on defendant to establish the plea by competent testimony, but which he failed to do. All that was done at the trial in support thereof was the introduction of an instruction that the court had given on some former trial of the defendant Tom Howard under a charge which the instruction indicates was similar to the one in the instant case. The indictment, under which the relied on conviction was had, was not introduced or offered, nor was any evidence in that case produced at the trial of this one so as to enable the court to determine whether or not the two offenses were legally identical, so as to make the one a bar to the other. It does indirectly appear that the same court that tried this case also tried the former one, and when a portion of the record in that case was introduced by defendant, other portions could be relied on by the commonwealth in refutation of the purpose for which defendant introduced the portion of the record he relied on. We have often held that courts take judicial notice of their own records, and in doing so in this case it is revealed that the prosecution relied on as supporting the defense by Tom Howard, of former conviction, was one committed on a different date with a different individual, and all of which appears from the record of that case now in this court and this day decided. 240 Ky. —, 41 S. W. (2d) —.

But, independently of any such considerations, and disregarding them, the written plea of former conviction, as we have seen, was wholly insufficient to permit defendant Tom Howard to introduce any proof in its support, since from ought that appears from the testimony introduced to prove it, the indictment then being tried may have been returned years before the instant one was returned, and it, as well as the evidence on that trial, may have related to a period no portion of which was embraced in the instant indictment. It is therefore clear that this alleged error is also without merit.

Wherefore, the motion for an appeal is sustained, the appeal is granted, and the judgment is affirmed.