BURKUS *v.* STATE OF INDIANA.

[No. 25,263.   Filed February 24, 1933.]

*George Sands,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *James M. Ogden,* Attorney-General, and *Bernard A. Kettner,* Deputy Attorney-General, for the State.

HUGHES, J.—The appellant was charged, jointly, with another in an affidavit filed in the St. Joseph Circuit Court with violating the Wright Law. Said affidavit consisted of three counts; the first, charging him with unlawfully possessing intoxicating liquor; the second, charging him with unlawfully maintaining and assisting in maintaining a liquor nuisance; and the third, for unlawfully selling, bartering, exchanging, giving away, and furnishing intoxicating liquor.

The defendant was found guilty on the second and third counts of the affidavit and sentenced to the Indiana State Farm for six months and fined in the sum of two hundred and fifty dollars.

The error relied upon for reversal is the overruling of the motion for a new trial. It appears from the record that the appellant filed a motion and affidavit for a continuance of his trial on account of the absence of a witness and set out in the affidavit

and motion what the witness would testify to if present. The prosecuting attorney admitted the truth of the facts contained in the affidavit as follows: "The state admits the truth of all the facts, properly pleaded, contained in the affidavit of such defendant." The court overruled the motion for continuance and a proper exception was taken. The appellant contends that the admission was qualified and equivocal and therefore not within the statute which provides:

". . . If, thereupon, the prosecuting attorney will admit the truth of the facts which the defendant, in his affidavit for continuance, alleges that he can prove by the absent witness, or by the written or documentary evidence therein specified and described, the trial shall not be postponed for that cause." Sec. 2250 Burns 1926.

Appellant relies upon the case of *Torphy* v. *State* (1919), 188 Ind. 30, 121 N. E. 659, as an authority to sustain his contention that the motion of continuance should have been sustained. This case is entirely different from the instant case. In that case the state did not admit all that was set out in the affidavit, but expressly excepted to a material part of the affidavit and motion for a continuance. In this case the state "admits the truth of all the facts, properly pleaded, contained in the affidavit of the defendant." The words "properly pleaded" neither weakens or strengthens the affidavit and it substantially complies with the statute.

The motion for a continuance in a criminal case on the part of the defendant is a matter in the sound discretion of the trial court and unless it is shown that there has been an abuse, its conclusion will not be disturbed. *Connors* v. *State* (1915), 183 Ind. 618, 622, 109 N. E. 757; *Torphy* v. *State, supra.*

In the instant case it is not shown that the court

abused its discretion in refusing to grant the continuance, and therefore no error.

The appellant predicates error on account of the court permitting state's Exhibit A being introduced in evidence, and being an affidavit and search warrant issued upon said affidavit. The search warrant was issued from the city court of the city of South Bend by Chester L. Du Comb, judge.

We can see no reason for the court to have refused the admission of "Exhibit A." The proceedings to obtain the search were regular as far as the evidence shows. The search warrant recites the fact that the affidavit upon which the warrant had been issued had been filed in the city court, and a copy was set out. The signature and seal of the court were properly affixed to the warrant. The evidence shows that officer Clark identified Exhibit A; that he read the same to the appellant, and the witness Olmstead also identified Exhibit A; that he heard it read by officer Clark, in his presence, to the appellant. Under these circumstances there was no need of authentication or certified transcript as is ordinarily required. There was no error committed in the admission of Exhibit A.

It is contended by appellant that the court erred in the admission of evidence concerning the reputation of the place as being one where intoxicating liquor was sold. Sec. 2744 Burns 1926 expressly provides: "In any civil or criminal proceeding under sections twenty-four (24) or twenty-five (25) of this act it shall be competent to prove the general reputation of the place referred to as to its being a place where intoxicating liquor is possessed or sold and where people resort for the purpose of drinking intoxicating liquor." Section 24, being Sec. 2740 Burns 1926, provides what constitutes a nuisance and fixes the penalty, and, among other things, says: "Any room, house,

building, boat, structure, or place of any kind where intoxicating liquor is sold . . . are hereby declared to be a common nuisance." Sec. 25, being Sec. 2741 Burns 1926, provides for an injunction to abate the nuisance. The evidence was properly admitted

The appellant further contends that the cause should be reversed for the reason that there was no plea or arraignment to the charges filed.

It has been uniformly held in this state that it is error to proceed with a trial without an arraignment and plea. *Pritchard* v. *State* (1920), 190 Ind. 49, 127 N. E. 545; and many cases cited in this opinion.

It has also been held in this state that the record must affirmatively show that the defendant was arraigned or that he waived arraignment, and that a plea was entered by or for him. *Hicks* v. *State* (1887), 111 Ind. 402, 12 N. E. 522; *Bowen* v. *State* (1886), 108 Ind. 411, 9 N. E. 378; *Tindall* v. *State* (1880), 71 Ind. 314; *Fletcher* v. *State* (1876), 54 Ind. 462.

The instant case was tried prior to the time that the amendment to Sec. 2232 Burns 1926 was passed (§9, ch. 132, Acts 1927), and therefore it is not controlling in this case. The record does not show that there was an arraignment and plea, and for this reason the case must be reversed.

Judgment reversed and motion for a new trial sustained.