**Joseph HUTSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2002–CA–001603–MR.

Court of Appeals of Kentucky.

Aug. 26, 2005.

Elizabeth R. Stovall, Assistant Public Advocate, Department of Public Advocacy, LaGrange, KY, for Appellant.

Albert B. Chandler, III, Attorney General of Kentucky, Brian T. Judy, Assistant Attorney General, Frankfort, KY, for Appellee.

Before SCHRODER and TAYLOR, Judges; HUDDLESTON, Senior Judge.[1]

## OPINION

TAYLOR, Judge.

This matter is before the Court on remand by the Kentucky Supreme Court per order dated September 16, 2004. The Supreme Court vacated our opinion entered October 31, 2003, and ordered us to reach the merits of the above-styled appeal. After having considered the merits, we reverse and remand.

On July 23, 1998, appellant was indicted upon the charge of first-degree sodomy. He was arraigned on August 18, 1998, and entered a plea of not guilty. Appellant was then indicted on November 12, 1998, for being a persistent felony offender in the second degree. Appellant was never arraigned nor did he enter a plea upon the second-degree felony offender charge.

On December 10, 1998, a jury convicted appellant of first-degree sexual abuse. The court then proceeded to the persistent felony offender (PFO) stage of the trial. At this time, appellant's trial counsel "objected" to going forward and stated that he was unaware of a PFO charge. He also stated appellant was never arraigned on the PFO charge and argued such omission was fundamentally unfair to appellant. The court "overruled" appellant's "objection." Appellant was eventually adjudicated a second-degree persistent felony offender, and his sentence was enhanced from five years' imprisonment to ten years' imprisonment. This appeal follows.

Appellant argues the trial court's failure to formally arraign him and to accept a plea on the PFO charge constitutes reversible error. Although this appears to be an issue of first impression in this Commonwealth, we are persuaded that an arraignment and the taking of a plea are essential requirements of a valid conviction, except where defendant waives these requirements or refuses to enter a plea. *See White v. People*, 79 Colo. 261, 245 P. 349 (Colo.1926); *Burkus v. State*, 204 Ind. 467, 184 N.E. 409 (Ind.1933); *State v. Alston*,

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

236 N.C. 299, 72 S.E.2d 686 (N.C.1952); *Fuller v. State,* 70 Okla.Crim. 408, 106 P.2d 832 (Okla.Crim.App.1940); *Ditto v. State,* 898 S.W.2d 383 (Tex.App.1995); and *State v. Wester,* 204 N.W.2d 109 (N.D. 1973). A waiver of the right to an arraignment and entry of plea may be express or implied; implied waiver arises from conduct that demonstrates an intent to waive. 22 C.J.S. *Criminal Law* § 359 (1989). In this case, it is uncontroverted that appellant was not arraigned and did not enter a plea; consequently, our inquiry necessarily focuses upon whether appellant waived his right to arraignment and plea.

At the beginning of the trial proceeding, both indictments were read by number only. The indictment numbers were read together without any separation and were specifically called as "98CR429270." The PFO charge was not separately and distinctly referenced until the start of the sentencing phase of the trial.[2] At this time, appellant immediately "objected" and stated that he had not been arraigned. Based upon these facts and the unique procedural requirements of a PFO proceeding, we believe appellant timely objected and did not waive his right to arraignment and plea.

In sum, we now hold that an arraignment and taking of a plea are necessary to a valid conviction. Appellant was not arraigned and did not enter a plea upon the charge of being a second-degree persistent felony offender. Upon the facts of this case, we are of the opinion that appellant did not waive his right to arraignment and plea. Accordingly, we are constrained to conclude the trial court committed reversible error by failing to arraign appellant and to take his plea upon the charge of being a second-degree persistent felony offender.

We consider appellant's remaining allegations of error to be moot.

For the foregoing reasons, the judgment of the Campbell Circuit Court is reversed and this cause remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.

---

**2.** It must be pointed out that no mention of the persistent felony offender enhancement may be made during the guilt phase of the trial. KRS 532.080. This bifurcation is to avoid any possible prejudicial effect on the jury.