**Joseph HUTSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–002289–MR.

Court of Appeals of Kentucky.

Dec. 1, 2006.

Discretionary Review Denied by Supreme Court March 14, 2007.

Roy A. Durham, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Louis F. Mathias, Jr., Assistant

Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; ACREE and JOHNSON, Judges.

*OPINION*

ACREE, Judge.

Joseph Hutson (Hutson) appeals from a *nunc pro tunc* pretrial order entered by the Campbell Circuit Court memorializing Hutson's arraignment and plea of not guilty to the charge of being a persistent felony offender, second degree (PFO II). Hutson also appeals from the amended judgment of the same court convicting him of the PFO charge. Both the order and amended judgment were entered after this court reversed Hutson's original conviction on grounds that the record then before this court included no record of Hutson's arraignment or plea to the PFO charge. Hutson argues that the Campbell Circuit Court had no jurisdiction to enter a *nunc pro tunc* pretrial order and amended judgment in view of this court's decision in *Hutson v. Commonwealth*, 171 S.W.3d 743 (Ky.App.2005), hereafter cited as *Hutson I*. For the reasons discussed, we disagree and so affirm the trial court's judgment.

The procedural history of this matter is set forth, in part, in *Hutson I*. In summary, Hutson was indicted, arraigned and entered a plea of not guilty in Campbell Circuit Court on a charge of first-degree sodomy. Trial was scheduled for November 2, 1998, but because a jury could not be seated, the trial was continued. On that same date, the prosecutor informed Hutson's counsel, attorney Theodore Knoebber (Knoebber), of Hutson's prior felonies and the probability of a subsequent indictment on a PFO count.

On November 12, 1998, Hutson was indicted on the charge of persistent felony offender in the second degree. The record

before this court in *Hutson I* was devoid of any written or other record that Hutson was ever arraigned or pleaded to the PFO count. However, as is discussed *infra*, Hutson was in fact arraigned and pleaded not guilty to that charge on November 20, 1998.

On December 10, 1998, Hutson was tried on the underlying charge of first-degree sodomy. The jury convicted him of the lesser-included offense of first-degree sexual abuse. When the trial court proceeded to the PFO phase of the trial, Hutson's trial counsel, Knoebber, objected to going forward, stating he was unaware of any arraignment or plea to the charge. The trial court overruled Hutson's objection and proceeded.

Prior to the Commonwealth's presentation of its case on the PFO count, Hutson and his counsel conferred, after which Hutson's counsel stipulated to the court:

There is no dispute as to the fact that there was a prior felony conviction of Mr. Hutson in August of 1993, and he was over 18 at the time, and he is over 21 now.

(TAPE No. 2; 12/10/98; 18:44:14). The prior felony conviction to which Hutson's counsel referred was adjudicated in Campbell Circuit Court and the trial court announced it would take judicial notice of that fact. The Commonwealth then called Hutson's parole officer, Ed Sorenson, who testified to the same prior felony conviction as well as other convictions in other courts.

Hutson was found guilty on the charge of second-degree persistent felony offender and his sentence was enhanced from five-years imprisonment to ten-years imprisonment. Hutson took his prior appeal from that conviction.

When this court reversed the PFO conviction, we said:

[I]t is **uncontroverted** that appellant was not arraigned and did not enter a plea.... Accordingly, we are constrained to conclude the trial court committed reversible error by failing to arraign appellant and to take his plea upon the charge of being a second-degree persistent felony offender.

*Hutson I* at 745 (emphasis added). The Campbell Circuit Court judgment was "reversed and this cause remanded for proceedings not inconsistent with this opinion." *Id.*

Almost immediately after this case was re-docketed in the Campbell Circuit Court, the Commonwealth found a videotape of Hutson's arraignment and not guilty plea on the PFO count. Consequently, the Commonwealth filed a "Motion to Correct the Record Pursuant to CR 60.01." The motion indicated that "a review of the video record confirms that on November 20, 1998 the Defendant was in fact arraigned on the charge of Persistent Felony Offender." The Commonwealth's motion sought both a *nunc pro tunc* pretrial order reflecting that Hutson had been arraigned and entered a not guilty plea, and a corrected judgment and sentence on the charge of persistent felony offender.

On October 14, 2005, the Campbell Circuit Court entered the *nunc pro tunc* pretrial order which stated that on November 20, 1998, Hutson appeared in open court with counsel, waived formal arraignment and entered a plea of not guilty. Also on October 14, 2005, the lower court entered an "Amended Judgment and Sentence on Plea of Not Guilty" which differed from the original judgment and sentence only in that it included the date of the arraignment, November 20, 1998, as shown on the videotape. As noted, Hutson appeals from both the order and amended judgment.

Hutson presents the following arguments. First, the trial court had no juris-diction to take any action other than to reverse the PFO conviction and, we presume, dismiss that charge and order Hutson's release since Hutson already served more than the maximum sentence permissible on the underlying conviction. Second, he argues the law of the case doctrine prohibits the trial court from finding that Hutson, in fact, was arraigned and pleaded not guilty. Third, he argues that the Commonwealth's failure on the first appeal to designate that portion of the record reflecting the arraignment and plea precludes reference to it now. Fourth, Hutson claims that the trial court did not have jurisdiction to use CR 60.01 to correct the record in the manner in which the court below did. Finally, Hutson reasserts arguments deemed moot by this court in *Hutson I;* i.e., that the trial court committed reversible error when it permitted proof of the prior felony offense by hearsay testimony and by judicial notice.

As a preliminary matter we should note that our examination of the now-complete record allows us to better understand why the Commonwealth did not discover proof of Hutson's arraignment sooner. The log entry for the videotape of Hutson's November 20, 1998, arraignment tells us little. In place of an entry on the log for "Case # " is the abbreviation "Crim Arrs" with no entry whatsoever under the headings "Style" or "Proceedings." The reason Knoebber, Hutson's attorney at trial, was unaware the arraignment had occurred is now clear. He was not present at the arraignment and his client, who was present, did not inform him it had occurred. Attorney Steve Franzen (Franzen) appeared on Hutson's behalf at the court's request and for the limited purpose of the arraignment and taking of a plea. Finally, no written record of the arraignment appeared in the file prior to this court's opinion in *Hutson I.*

The arraignment itself was properly conducted. As is permissible, Hutson was present in open court by videoconference. *Caudill v. Commonwealth,* 120 S.W.3d 635, (Ky.2003), *cert. denied,* 542 U.S. 922, 124 S.Ct. 2877, 159 L.Ed.2d 781 (2004). Franzen, representing Hutson, acknowledged Joseph Hutson as the party named in the indictment, waived formal reading of the indictment, entered a not guilty plea on behalf of his client, reserved on any motions and requested a pretrial conference. "Under our rules of criminal procedure, arraignment is not a critical stage of the trial unless, of course, the accused enters a plea of guilty without benefit of counsel." *Parrish v. Commonwealth,* 472 S.W.2d 69, 71 (Ky.1971). Hutson did not plead guilty. While *Hutson I* stands for the principle that a conviction cannot be sustained in the total absence of an arraignment and plea, it does not alter this court's view as expressed in *Parrish.* In any event, Hutson does not now claim that the arraignment was conducted improperly.

## JURISDICTION OF TRIAL COURT UPON REMAND

Both parties assert and the court agrees that Hutson's perfection of his prior appeal of this case divested the Campbell Circuit Court of jurisdiction. *Johnson v. Commonwealth,* 17 S.W.3d 109, 113 (Ky. 2000); *Louisville & N. R. Co. v. Paul's Adm'r,* 314 Ky. 473, 235 S.W.2d 787, 793 (1950). However, Hutson asserts the trial court never again acquired the jurisdiction necessary to enter a *nunc pro tunc* pretrial order or amended judgment. We disagree.

Whatever the merit of Hutson's other claims of error, his argument that the trial court lacked jurisdiction to entertain the Commonwealth's motions on remand from this court must fail. "A trial court, in interpreting an appellate court's decision, is not acting outside its jurisdiction even if its interpretation is erroneous." *Buckley v. Wilson,* 177 S.W.3d 778, 781 (Ky.2005)(emphasis added).

In broad terms, jurisdiction re-obtains in the trial court when the appellate court finishes its work and returns the case to the trial court with its decision. Prior to its amendment effective July 1, 1981, CR 76.30 required that jurisdiction remain in the appellate court until that court issued a specific order denominated a "mandate". Once the mandate was filed in the court from which the appeal was taken, the lower court was reinvested with jurisdiction of the matter. *Begley v. Vogler,* 612 S.W.2d 339, 341 (Ky.1981). The pre-amended rule defined mandate as "the work of the appellate court, issued by the clerk and directed to the court from which the appeal was taken, which makes effective the opinion disposing of the appeal." CR 76.30(1)(1978)(Amended 1981). Though the current rule eliminates the requirement of a formal and separate order, CR 76.30(2)(f), the term "mandate" as described in the older rule is still in harmony with the common usage of an appellate court's instruction and guidance to the court from which an appeal is taken. Consequently, the term will find continued use in its general sense despite the elimination of the requirement of the formal document.

Under current rules, the lower court re-obtains jurisdiction on the effective date of the appellate court's **opinions** under CR 76.30 and on the effective date of the appellate court's **orders** under CR 76.38. Therefore, Campbell Circuit Court re-obtained jurisdiction of this case on the date *Hutson I* became effective, April 26, 2005.

The scope of a lower court's authority on remand of a case is not meas-

ured in terms of its jurisdiction, but by the direction or discretion contained in the appellate court's mandate. An appellate court might direct a trial court, such as by ordering a new trial or the dismissal of charges. With such a mandate, the trial court's authority is only broad enough to carry out that specific direction. Alternatively, and as is very often the case when the appellate court reverses a trial court, it simply grants the trial court the discretion to conduct further proceedings not inconsistent with the opinion. In such cases, including *Hutson I*, the general principle is stated as follows:

> The trial court may take such action, not inconsistent with the decision of the appellate court, as in its judgment law and justice require, where the case has been remanded generally without directions, or for further proceedings, or for further proceedings in accordance, or not inconsistent, with the opinion.

5 C.J.S. *Appeal and Error* § 978 at 481–83 (1993) *citing Pieck v. Carran*, 289 Ky. 110, 157 S.W.2d 744 (1941).

Hutson contends the trial court's correction of the record to reflect that he actually was arraigned was not consistent with this court's mandate in *Hutson I*. We believe it was.

To support his position, Hutson asserts that *Hutson I* "is clearly a final decision or this court would not have reversed, but would have merely remanded for further findings of fact, which was not the ruling of this court." Appellant's brief, p. 6. He argues that our use of the word "reversed", by necessary implication, requires dismissal of the charges against him. However, this approach "is not followed in this jurisdiction nor is it constitutionally required." *Moore v. Commonwealth*, 488 S.W.2d 703, 705 (Ky.1972). If we had intended that result, we would have directed the trial court to dismiss the charges, but we did not.

■ The reversal of a criminal conviction does not ordinarily require dismissal of the charges. "[T]he sound administration of justice recognizes that society would pay too high a premium 'were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to a conviction.' " *McGinnis v. Wine*, 959 S.W.2d 437, 438 (Ky.1998) (quoting *United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964)). It would not have been inconsistent with our prior opinion for the trial court to have arraigned Hutson, taken his plea and retried him. As it turns out, those proceedings were unnecessary because Hutson **had** been arraigned and pleaded not guilty to the charge. The trial court, in the hopefully unique circumstances of this case, simply needed to correct the record.

## LAW OF THE CASE DOCTRINE

■ Hutson claims the law of the case doctrine bars the trial court from determining after remand that Hutson actually was arraigned. As authority, he quotes *Williamson v. Commonwealth*, 767 S.W.2d 323 (Ky.1989), wherein our Supreme Court said, "[W]hen an issue is finally determined by an appellate court, the trial court must comply with such a determination." *Id.* at 325; Appellant's brief, p. 4. The issue that was determined by this court, says Hutson, is the fact he was not arraigned.

The Commonwealth does not refute Hutson's position that the law of the case doctrine applies. Instead it argues that the doctrine is not so rigid as to prevent corrections of the record by the trial court after the case is remanded as occurred here. The Commonwealth cites *Gossett v.*

*Commonwealth,* 441 S.W.2d 117 (Ky.1969) for the proposition that:

> Where the law of the case rule is applicable, it has sufficient flexibility to permit the appellate court to admit and correct an error made in the previous decision where substantial injustice might otherwise result and the former decision is clearly and palpably erroneous.

*Id.* at 118.

■ While both of these cases continue to have viability, they have no applicability here because the law of the case doctrine they address does not apply in this case.

> "As the term 'law of the case' is most commonly used, and as used in the present discussion unless otherwise indicated, it designates the principle that if an appellate court has passed on a **legal question** and remanded the cause to the court below for further proceedings, the **legal questions** thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case."

*Inman v. Inman,* 648 S.W.2d 847, 849 (Ky.1982)(quoting 5 Am.Jur.2d, *Appeal and Error,* § 744)(emphasis added). This court in *Hutson I* answered in the affirmative the legal question whether an arraignment and taking of a plea are necessary to a valid conviction. It remains the law of this case. It would be applicable here if the facts were still that Hutson had not been arraigned. However, he was. Hutson's desire to stretch the law of the case doctrine to also make the facts of the case immutable might well reduce the workload of this court, but it would fail to serve the ends of justice. In a proper case the doctrines of estoppel or issue preclusion might require that the facts remain static on remand, but the law of the case doctrine will not make them so. The doctrine

is simply inapplicable here and Hutson's argument necessarily fails.

## COMMONWEALTH'S FAILURE TO DESIGNATE RECORD OF ARRAIGNMENT

■ Hutson claims that "[b]ecause the Commonwealth failed to designate or supplement the record before this Court to rebut Mr. Hutson's claim [that he was not arraigned], they cannot now fix their error in the trial court." Appellant's brief, p. 8. He relies on *Mifflin v. Mifflin,* 170 S.W.3d 387 (Ky.2005), in which our Supreme Court held:

> In accordance with CR 75.01, we hereby overrule *Colonial Life [and Accident Insurance Co. v. Weartz,* 636 S.W.2d 891 (Ky.App.1982)]* to the extent that it requires appellate courts to assume as a matter of law that undesignated parts of the record support the findings of the lower court in light of evidence presented by an appellant that is adequate to support a conclusion to the contrary. When an appellant has designated part of the record for appeal that is sufficient to support a conclusion of error by the trial court, the appellee must also designate portions of the record in support of her position.

*Id.* at 389.

We interpret *Mifflin* as giving guidance to appellate courts in determining facts based on the record before it. It eliminates a presumption which, in the Supreme Court's view, placed a disproportionate burden on an appellant to assure that the reviewing court had before it "at least so much [of the record] as is necessary to enable the court **to correctly determine the case on its merits.**" *Harlan v. Commonwealth,* 253 Ky. 1, 68 S.W.2d 443, 445 (1934)(emphasis added). It should be noted that in *Hutson I* both parties failed in this regard.

We do not interpret *Mifflin* as requiring the trial court on remand of a case to ignore facts upon which that court originally, and in this case correctly, adjudicated the case simply because the parties failed to designate a proper portion of the record. While there may be circumstances under which estoppel might prohibit the correction of the record by the trial court after the decision by the appellate court, this is not such a case and Hutson has not made that argument.

■ In the case *sub judice*, the trial court proceeded to the PFO phase of the trial presuming, as it turns out correctly, that Hutson was arraigned and pleaded not guilty. We believe the trial court was correct in doing so because "there is a presumption that every public officer acts in good faith in performance of duties entrusted him by law." *Bernard v. Russell County Air Bd.*, 747 S.W.2d 610, 612 (Ky. App.1987); *see also People v. Guevara*, 132 Cal.App.3d 193, 197, 183 Cal.Rptr. 18, 20 (1982)(Absence of written record before it was no basis for trial court's incorrect assumption that defendant had not been arraigned). That presumption applies to the prosecutor, the court and the court's clerk in this case. We do not find in the belated nature of the Commonwealth's discovery of the record of Hutson's arraignment a basis for reversing the trial court.

## USE OF CR 60.01 TO CORRECT RECORD

Hutson argues that the language of CR 60.01[1] precludes the trial court from amending errors after the case has reached an appellate court, and that the error corrected was substantive and not clerical and therefore outside the scope of the rule. We disagree with both arguments.

■ Though CR 60.01 clearly states "[c]lerical mistakes ... may be corrected by the court at any time," Hutson argues the second and final sentence of the rule deprives the trial court of that authority. The language he relies on is as follows:

> During the pendency of an appeal, such mistakes may be so corrected [by the trial court] before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

CR 60.01. Hutson argues that the first half of this sentence allows the trial court to correct mistakes only until the appeal is docketed. Then, forevermore, the trial court must seek leave of the appellate court to do so. Because we must give effect to the phrase "while the appeal is pending," we believe Hutson's to be an incorrect interpretation of the rule.

Temporally speaking, the first sentence of the rule grants unlimited authority to the trial court by use of the phrase "at any time." That authority is qualified by the second sentence which restricts the trial court's exercise of that authority, but only "while the appeal is pending." Upon the effective date of the appellate court's opinion or order in the case, the restriction on the trial court authority under CR 60.01 is removed, unless of course the appellate court through its mandate prohibits its exercise.

■ Hutson's alternative argument must also fail. His position that the mis-

---

1. CR 60.01 typically is used to amend clerical errors in civil cases, but is often used for the same purpose in criminal cases. In 1962, RCr 10.10 was adopted to serve the same function in criminal cases. When it was adopted the commentary simply stated "RCr 10.10 is new and is the same as CR 60.01." The rules remain identical today except in one minor regard not pertinent here.

take the trial court corrected was substantive and not clerical is not well taken. As the court stated in *Cardwell v. Commonwealth*, 12 S.W.3d 672 (Ky.2000):

> CR 60.01 allows a trial court to correct clerical mistakes in its judgments and errors therein arising from an oversight or omission at any time on its own initiative. We do not believe CR 60.01 invests the trial court with either jurisdiction or authority to make substantive changes in a judgment. The effect of the rule is limited to mistakes that are clerical in nature.
> [*Potter v. Eli Lilly and Company*, 926 S.W.2d 449, 452 (Ky.1996) ]. Moreover, a trial court has the inherent power to enter orders *Nunc Pro Tunc*. *Happy Coal Company v. Brashear*, Ky., 263 Ky. 257, 92 S.W.2d 23, 28 (1935)
>
> . . . .
>
> [T]he distinction between clerical error and judicial error does not turn on whether the correction of the error results in a substantive change in the judgment. Rather, the distinction turns on whether the error "was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel, or by the judge." *Buchanan v. West Kentucky Coal Company*, Ky., 218 Ky. 259, 291 S.W. 32, 35 (1927). "A clerical error involves an error or mistake made by a clerk or other judicial or ministerial officer in writing or keeping records...." 46 Am.Jur.2d, *Judgments* § 167. The omission ... was not the product of judicial reasoning and determination. It was a clerical error.

*Id.* at 674–75. The omission in the case *sub judice*, the failure to document the arraignment and plea, was not the product of judicial reasoning and determination. The fact remains that the trial judge, correctly presuming the arraignment to have

occurred, committed no error in going forward with the PFO phase of Hutson's trial. The error here was clearly clerical and one certainly within the trial court's authority to correct by use of CR 60.01.

## PROOF OF A PRIOR FELONY CONVICTION

■ Finally, Hutson argues for reversal because the Commonwealth proved his prior felony conviction through the hearsay testimony of Hutson's parole officer. Hutson also argues that the trial court improperly took judicial notice of his prior felony conviction in Campbell Circuit Court. Though Hutson admits he made no objection to either of these alleged errors during the trial, he urges review based on the palpable error rule, RCr 10.26.

■ Hutson ignores the stipulation of his counsel, *supra*, preceding the parole officer's testimony. He also ignores his counsel's reiteration of that stipulation in his closing argument to the jury where he said:

> Mr. Hutson has a prior felony record.... To be completely frank with you, there is no choice here, the record is open and shut. I'm not going to seriously ask you to determine that he didn't commit this prior felony that he did. But in any event, once you make that determination which is what is sometimes nowadays called a "no-brainer," you will make a finding that he, in fact, has this persistent felony status because of the prior felony conviction.

(TAPE No. 2; 12/10/98; 19:02:08). Hutson's stipulation is:

> an "agreement" that the defendant had been previously convicted. This is a confession of guilt and is the equivalent of a plea of guilty entered in open court. **There was no need to prove the conviction.** 25 Am.Jur., Habitual Crimi-

nals, § 29. While the court instructed on the charge as being in issue, it does not seem to have been necessary. *Tuttle v. Commonwealth,* 331 S.W.2d 891, 892 (Ky.1959). We hold that the stipulation of Hutson's counsel to his client's prior felony conviction was more than a sufficient basis upon which the jury could have reached its guilty verdict on the PFO count. *Strong v. Commonwealth,* 507 S.W.2d 691, 692 (Ky.1974). Furthermore, "the same court that tried this case also tried the former one.... We have often held that courts take judicial notice of their own records." *Howard v. Commonwealth,* 240 Ky. 307, 42 S.W.2d 335, 339 (1931). Taking judicial notice of Hutson's prior felony conviction in that same court falls squarely within Kentucky Rule of Evidence (KRE) 201, which permits a court to take judicial notice of adjudicative facts that are "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," KRE 201(b)(2), such as the trial court's own records. The testimony of Hutson's parole officer was totally superfluous.

Therefore, we decline to review this issue under the palpable error rule, RCr 10.26. Nor do we believe that admitting the testimony of Hutson's parole officer was any more than harmless error.

For the foregoing reasons, the judgment of the Campbell Circuit Court is affirmed.

ALL CONCUR.