# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 20, 2008
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2007-SC-000286-MR

**DATE** April 10,08 E In Grouth p.C

TIMOTHY D. MORMAN                                          APPELLANT

ON APPEAL FROM JOHNSON CIRCUIT COURT
V.                    HONORABLE JOHN DAVID PRESTON, JUDGE
NO. 04-CR-00160

COMMONWEALTH OF KENTUCKY                                   APPELLEE

### MEMORANDUM OPINION OF THE COURT

### REVERSING AND REMANDING

Timothy Dwayne Morman appeals from a circuit court judgment resentencing him to forty years' imprisonment. Citing our opinion in his earlier appeal in which we held that the maximum sentence was twenty years under KRS 532.110(1)(c), Morman argues that the law of the case doctrine prohibited the trial court from ignoring our holding. We agree with Morman. We reverse and remand with directions to conduct re-sentencing in accordance with the law of the case as reflected in our opinion in the earlier appeal.

We might have reached a different conclusion in the first appeal had the Commonwealth's Attorney disclosed Morman's parolee status or argued the issue of Morman's parolee status in the trial court or even in this Court. It is regrettable that the

trial court is now constrained from sentencing Morman to what would otherwise be a proper sentence of up to forty years' imprisonment under KRS 533.060(2). But we cannot allow the Commonwealth to relitigate the issue of maximum allowable punishment because the prosecution failed to include all relevant sentencing information to the trial court the first time around; and, as appellee, it failed to file a petition for rehearing or modification of our first opinion.

## I. FACTUAL BACKGROUND.

This Court affirmed Morman's convictions on two counts of second-degree rape and two counts of second-degree sodomy in the earlier appeal, rejecting his arguments that the trial court erroneously refused to allow him to withdraw his guilty plea and that he had received ineffective assistance of counsel.[1] We vacated Morman's original forty-year sentence in the first appeal, finding that the maximum allowable sentence was twenty years' imprisonment under KRS 532.110(1)(c) and KRS 532.080(6)(b). We remanded Morman's case to the trial court for resentencing "in accordance with the limitations imposed by KRS 532.110(1)(c)"[2] and "consistent with this opinion." The Commonwealth did not petition this court for rehearing or modification.

---

[1] Case No. 2005-SC-000957-MR, 2007 WL 541925 (Ky. Feb. 22, 2007).

[2] In so doing, we accepted the arguments made in Morman's supplemental brief regarding his maximum sentence under these statutes. The Commonwealth neither conceded nor refuted this argument in its supplemental brief but simply asked us to consider the appropriateness of his sentence in light of the record and applicable law. Neither party argued KRS 533.060(2) to this Court, and nothing in the record presented to us indicated Morman's parole status at the time the offenses were committed. Since nothing in the trial record indicated Morman's parole status, we cannot fault the Attorney General (who prepares appellate briefs for the Commonwealth) for not claiming on the initial appeal that KRS 533.060(2) mandated consecutive sentencing.

The trial court then set the case for a resentencing hearing. Before the re-sentencing hearing, the Commonwealth's Attorney presented the trial court with a document indicating that Morman was on parole when he committed the offenses charged in the underlying indictment.[3] The Commonwealth's Attorney argued at re-sentencing that KRS 533.060(2) (mandating consecutive sentences for offenses committed while on parole) trumped KRS 532.110(1)(c) (establishing maximum sentences for multiple convictions). The parties did not argue the applicability of KRS 533.060(2) in the initial appeal, and we have found no indication in the record that this issue was explicitly presented to the trial court on initial sentencing.[4] Based on Morman's newly-mentioned status as a parolee, the trial court resentenced Morman to a term of forty years' imprisonment under KRS 533.060(2). The parties now dispute whether the law of the case doctrine now requires that Morman be resentenced to a maximum of twenty years' imprisonment. Morman also argues in the alternative that his guilty plea was rendered involuntary by the failure of the trial court or the attorneys to raise KRS 533.060(2) before he pled guilty. Because we reverse based on the law of the case doctrine, it is not necessary to reach the issue of whether any failure to inform Morman of the effect of KRS 533.060(2) rendered his guilty plea involuntary.

---

[3] The document was apparently faxed. But Morman has not disputed the authenticity of the document, nor has he claimed that he was not actually on parole when the offenses in question were committed.

[4] Even the Pre-Sentence Investigation Report (PSI) prepared for initial sentencing failed to state that Morman was on parole; and the trial court considered, but rejected, probation at the initial sentencing—which presumably it would not have done had it been aware of Morman's parolee status under KRS 533.060(2).

3

## II. ANALYSIS.

### Our Opinion Holding Maximum Allowable Punishment to be Twenty Years' Imprisonment is Now the Law of the Case.

We find nothing in the record preceding the initial judgment sentencing Morman to forty years that mentions his parolee status or the applicability of KRS 533.060. We further note that the Commonwealth did not argue the applicability of KRS 533.060(2) on the first appeal, nor did it ask for a rehearing or modification of this Court's opinion on initial appeal when we failed to note KRS 533.0602) on our own motion.

Because we were not provided with any facts to indicate that Morman was on parole when the offenses at issue occurred, we correctly determined on the first appeal that the maximum sentence would be twenty years' imprisonment under KRS 532.110(1)(c) *based upon the facts and record then presented to us.* We were not presented with, nor did we decide, the issue of applicability of KRS 533.060(2) in the first appeal. But we were presented with and decided the ultimate issue of whether the forty-year sentence of imprisonment imposed by the trial court was proper. We decided that it was not and, furthermore, that the maximum sentence was twenty years. Because the Commonwealth did not file a petition for rehearing or modification of our opinion on the first appeal, it is bound by our determination that a forty-year sentence was impermissible and that the maximum sentence was twenty years. Of the importance of the petition for rehearing or modification, we have said:

> It is fundamental that when an issue is finally determined by an appellate court, the trial court must comply with such determination. The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision.
>
> It necessarily follows, therefore, that if a party is aggrieved by an adverse appellate determination, his remedy is in an appellate court at the

4

time the adverse decision is rendered. This is so because an objection in the trial court is futile and an appeal from the trial court's implementation of the appellate determination is nothing more than an attempt to relitigate an issue previously decided.[5]

So the trial court erred on remand by allowing the Commonwealth to relitigate the issue of the proper range of punishment and by imposing the same forty-year sentence that we held to be improper.

The instant case is distinguishable from the recent Court of Appeals case of Hutson v. Commonwealth,[6] in which the Court of Appeals held that the law of the case doctrine did not prevent the trial court from correcting its record under a properly filed Kentucky Rules of Civil Procedure (CR) 60.01 motion to reflect that the appellant had, in fact, been arraigned—contrary to the Court of Appeals' opinion in appellant's first appeal.[7] In that earlier appeal, the Court of Appeals found no indication on the record that Hutson had been arraigned on a Persistent Felony Offender (PFO) charge; and it reversed Hutson's conviction on the PFO charge because of the lack of an arraignment.[8] Upon remand, "the Commonwealth found a videotape of Hutson's arraignment and not guilty plea on the PFO count" and filed a CR 60.01 motion to correct this clerical error.[9] The trial court then entered an order noting the arraignment of record; and it issued an amended judgment convicting Hutson of the PFO charge and the underlying offense, "which differed from the original judgment and sentence only in

---

[5] Williamson v. Commonwealth, 767 S.W.2d 323, 325 (Ky. 1989) (citations omitted).

[6] 215 S.W.3d 708 (Ky.App. 2006).

[7] Id. at 715-16.

[8] Id. at 711-12, citing first appeal, Hutson v. Commonwealth, 171 S.W.3d 743 (Ky.App. 2005). Hutson's first appeal is referred to as Hutson I in other portions of this opinion.

[9] Hutson, 215 S.W.3d at 712.

that it included the date of the arraignment . . . as shown on the videotape."[10] The Court of Appeals affirmed, stating that the law of the case doctrine demanded obedience only to the legal conclusions of appellate courts. The doctrine did not prevent the trial court from correcting its factual record when presented with a proper motion. The Court of Appeals further explained the significance of the distinction between a factual correction and a legal conclusion, stating that

> This court in Hutson I answered in the affirmative the legal question whether an arraignment and taking of a plea are necessary to a valid conviction. It remains the law of this case. It would be applicable here if the facts were still that Hutson had not been arraigned. However, he was. Hutson's desire to stretch the law of the case doctrine to also make the facts of the case immutable might well reduce the workload of this court, but it would fail to serve the ends of justice. In a proper case the doctrines of estoppel or issue preclusion might require that the facts remain static on remand, but the law of the case doctrine will not make them so. The doctrine is simply inapplicable here and Hutson's argument necessarily fails.[11]

In the first appeal in the instant case, however, this Court answered in the negative the legal question of whether the forty-year sentence of imprisonment imposed by the trial court was proper in light of the factual record before the trial court. We were not presented with any fact in the record concerning Morman's parolee status; and we did not, therefore, address the legal effect of any such fact. In contrast, the Court of Appeals in Hutson I was presented with a record indicating lack of arraignment on the PFO charge and indicating that the legal effect of this fact was that the PFO conviction could not stand without an arraignment on that charge. We did not, however, determine that the forty-year sentence could stand *only if* Morman was on parole at the time of the offenses so that KRS 533.060(2) applied. Rather, we stated unequivocally that the

---

[10] *Id.*

[11] *Id.* at 715.

6

forty-year sentence imposed by the trial court was improper and that the maximum allowable sentence on the convictions received was twenty years. Whether or not we might have arrived at a different conclusion had we been presented with a record of Morman's parolee status the first time around, our holding that the maximum sentence was twenty years was the law of the case.

The Commonwealth's Attorney made no effort on remand to show that relief under CR 60.01 or CR 60.02 was appropriate. Rather, the Commonwealth simply urged the trial court to ignore our holding based on evidence it should have but did not present the first time—Morman's parolee status. Although it is understandable that the trial court desired to sentence Morman in accordance with the law applicable to parolee status, the simple fact is that the trial court erred in allowing the Commonwealth to re-litigate the previously decided issue of what Morman's maximum sentence should be.

We must reverse and remand with directions that the sentence on remand may not exceed twenty years' imprisonment according to the law of the case as established in our first opinion.

## III. CONCLUSION.

For the foregoing reasons, the circuit court's judgment resentencing Morman to a term of forty years' imprisonment is hereby reversed. The case is remanded for re-sentencing proceedings with the direction that Morman not be resentenced in excess of the twenty-year maximum sentence of imprisonment established in our first opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Donna L. Boyce
Department of Public Advocacy
100 Fair Oaks Lane – Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

William Robert Long, Jr.
Assistant Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204