RENDERED:  JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0127-MR

CHASE STONE                                                                    APPELLANT

APPEAL FROM BALLARD CIRCUIT COURT
v.          HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CR-00122

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
VACATING
AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  The Appellant, Chase Stone, challenges the judgment of the Ballard Circuit Court imposing jail fees upon him after that court had been directed by remand in a previous appeal to enter a new judgment waiving costs erroneously assessed.  In attempting to comply with the terms of our order on remand, the court imposed additional fees never addressed in the first appeal.  We conclude that the

trial court exceeded the scope of its authority on remand. Therefore, we vacate and remand this case to the trial court with specific instructions as set forth below.

The underlying facts are summarized in the prior appeal, *Stone v. Commonwealth*, No. 2022-CA-0394-MR, 2023 WL 2618525, at *1 (Ky. App. Mar. 24, 2023), as follows in relevant part:

> On March 18, 2022, Appellant was sentenced to two years in prison pursuant to a guilty plea. He was also ordered to pay $185 in court costs and a $25 bond fee, for a total of $210 in court costs and fees. Appellant had secured his release prior to sentencing by paying $150 toward a partially secured bond. At sentencing, the court indicated that it was going to release the bond and apply the $150 toward the court costs and fees. Appellant was then ordered to pay the remainder of the costs and fees by March 1, 2023.

(Footnotes omitted.)

Stone appealed on grounds that he was a poor person and that costs should have been waived. Although the issue was not preserved, this Court reviewed it for palpable error pursuant to RCr[1] 10.26. *Id.* (citing *Jones v. Commonwealth*, 527 S.W.3d 820, 825 (Ky. App. 2017) (holding that imposition of court costs in violation of KRS[2] 23A.205[3] constitutes palpable error)).

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Revised Statutes.

[3] KRS 23A.205(2) provides in relevant part that "taxation of court costs against a defendant, upon conviction in a case, shall be mandatory . . . unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he . . . is unable to pay court costs and will

-2-

In the prior appeal, this Court concluded that Stone was a poor person who was entitled to have his court costs and bond fee waived. This Court vacated that portion of Stone's conviction which required him to pay court costs and the bond fee and remanded for entry of a new judgment and sentence waiving the court costs and bond fee.

However, on August 23, 2023, the trial court entered an Order waiving "the Court Costs, and Bond Filing Fees in this action, Pursuant to the Kentucky Court of Appeals [*sic*] Decision."

On December 5, 2023, the trial court entered another Order as follows in relevant part:

> [A]fter receipt of the Court of Appeal's opinion, having entered an order on or about August 23, 2023, waiving the Court Costs and Filing Fees in this action, the Court having reviewed the file and finding that this Court needs to fully comply with the Court of Appeal's [*sic*] Opinion, and enter a new Judgment and Sentence . . . .

The trial court stated that Stone's presence at the hearing was necessary and directed the Department of Corrections to make him available by Zoom or transport him to the Ballard County Courthouse on December 15, 2023, "for

---

be unable to [do so] in the foreseeable future." KRS 453.190(2) defines "poor person" as one who "is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing."

purposes of re-sentencing in Case # 21-CR-122 [the instant case] and # 21-CR-121.  Case No. 21-CR-121 was not appealed and is not before us.[4]

On December 15, 2023, the trial court entered an Order continuing the case to January 5, 2024, "to re-sentence the defendant in the above-referenced cases[5] and to have a hearing in regard to Ballad County having a Resolution to collect jail fees.  The Commonwealth shall have a representative of Ballard County available to testify on Jan 5 24."

On January 5, 2024, the trial court convened a hearing.  On January 5, 2024, the trial court entered an order in this case, No. 21-CR-00122, attaching a copy of the Ballard County Fiscal Court resolution approving a jail fee ordinance establishing a fee of $30.00 per day.  The order reflects that Stone agreed to stipulate said fee policy and waived "any necessity for hearing."  The court further ordered Stone to "reimburse Ballard County at the rate of $30.00 per day for each of the 21 days spent in incarceration prior to sentencing."

---

[4] Stone notes that we may take judicial notice of the final judgment entered in No. 21-CR-00121, a copy of which is appended to his Appellant's brief, citing Kentucky Rule of Evidence (KRE) 201.  The Rule permits judicial notice of adjudicative facts. The Commonwealth refers us to CourtNet 2.0 regarding information about case No. 21-CR-00121, which, it states, is subject to judicial notice.  The parties are in agreement that in case No. 21-CR-00121, which originated on the same day as the case now before us, Stone was ordered to pay court costs, a bond fee, and jail fees (21 days at $30 per day payable to Ballard County Detention Center).  We take judicial notice of the Judgment and Sentence on Plea of Guilty entered on March 18, 2023, in Ballard Circuit Court Case No. 21-CR-00121.

[5] Both case numbers are included in the caption of that particular Order.

On January 5, 2024, the trial court also entered an "Amended/ Resentenced Judgment and Sentence on Plea of Guilty" in this case on a Form AOC-445. The Amended Judgment reflects that the trial court waived court costs "due to Court of Appeals Order." The trial court now ordered Stone to pay jail fees -- "21 Days at $30 a day to Ballard County." It appears that the trial court also ordered that the Defendant's bond be used to cover its newly imposed jail fee. On the form, the trial court marked the box "other" in the section about the Defendant's bond and then wrote (as well as we can decipher): "jail (do not apply for 2 months or before March 5 24[.)]"

Stone appeals. He first argues that the trial court erred on remand by exceeding its authority at resentencing.

> [T]he mandate rule, a tenet of the law-of-the-case doctrine, . . . "provides that on remand from a higher court a lower court must obey and give effect to the higher court's express or necessarily implied holdings and instructions." *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010) (citations omitted). In addition to serving litigants' interests in finality, the mandate rule serves "the equally important interest courts have in judicial economy[ ] by preventing the drain on judicial resources that would result if previous decisions were routinely subject to reconsideration." *Id.* "In a subsequent appeal following remand, this Court's role is limited to whether the trial court properly construed and applied the mandate." *James v. James*, 636 S.W.3d 549, 554 (Ky. App. 2021) (citations omitted).
>
> There are two types of mandates: limited and general. *See Monroe v. FTS USA, LLC*, 17 F.4th 664,

669 (6th Cir. 2021), *cert. denied*, ___ U.S. ___, 142 S. Ct. 1232, 212 L. Ed. 2d 236 (2022).  Limited mandates direct the lower court to do a specific action, such as require the dismissal of a complaint . . . .  *See Hutson v. Commonwealth*, 215 S.W.3d 708, 713-14 (Ky. App. 2006).  "**With such a mandate, the trial court's authority is <u>only</u> broad enough to carry out that specific direction**."  *Id.* at 714 (emphasis added).

General mandates, however, give the lower court broader discretion as to how to proceed.  They may, for example, include wording such as, "this case is remanded with instructions to conduct further proceedings not inconsistent with this opinion" or similar language.  *Id.*

*KKR & Co., Inc. v. Mayberry*, ___ S.W.3d ___, No. 2021-CA-1307-MR, 2023 WL 2939473, at *3 (Ky. App. Apr. 14, 2023) (emphasis original).[6]

"The scope of a lower court's authority on remand of a case is not measured in terms of its jurisdiction, but by the direction or discretion contained in the appellate court's mandate."  *Hutson v. Commonwealth*, 215 S.W.3d 708, 713-14 (Ky. App. 2006).  Without question, the mandate in the case before us was a limited mandate. It directed the trial court to do a specific action -- to enter a new judgment and sentence waiving court costs and the bond fee.  "With such a mandate, the trial court's authority is only broad enough to carry out that specific direction."  *Id.* at 714.

---

[6] This case was designated to be published and now appears to be final.  By Order entered January 10, 2024, our Supreme Court denied discretionary review.  On January 24, 2024, the Clerk of the Court of Appeals issued a notice that pursuant to Kentucky Rules of Appellate Procedure (RAP) 40(G)(5), the decision had become final.

The Commonwealth contends that the new judgment did not impose additional jail fees but only "listed" the existing ones. The Commonwealth explains that "the trial court was treating the jail fee as one fee for both of Stone's cases, such that he [*sic*] wanted the bond amounts from both cases to be credited against Stone's single fee if it had not been paid (and Stone stated that it had not)." That contention wholly mis-states the issue. The issue is whether the trial court correctly applied the mandate that it received from this Court. Clearly, it failed to do so. Nothing in this Court's mandate directed the trial court to take any action regarding the issue of jail fees on remand. The trial court was limited to correcting the mistake that it had made -- not to create a new one.

Accordingly, we vacate that portion of the trial court's January 5, 2024, "Amended/ Resentenced Judgment and Sentence on Plea of Guilty," which imposed jail fees and ordered the partially-secured bond to be applied thereto.[7] On remand, we instruct the trial court to enter a Second Amended Judgment and Sentence on Plea of Guilty: (1) waiving court costs; (2) waiving the bond fee; and (3) dismissing the jail fees that were improperly imposed. In light of our decision, we need not reach the remaining issues which Appellant has raised.

---

[7] We also vacate the trial court's separate January 5, 2024, Order directing Stone to reimburse Ballard County for 21 days spent in incarceration at $30 per day.

ALL CONCUR.


BRIEFS FOR APPELLANT:         BRIEF FOR APPELLEE:

Shannon Dupree                Russell Coleman
Frankfort, Kentucky          Attorney General of Kentucky

                                  Matthew R. Krygiel
                                  Assistant Attorney General
                                  Frankfort, Kentucky